# STATE OF MICHIGAN

# COURT OF APPEALS

TINA MARIE DELL,

Plaintiff-Appellant/Cross-Appellee,

v

CITIZENS INSURANCE COMPANY OF
AMERICA and CITIZENS INSURANCE
COMPANY OF THE MIDWEST,

Defendants-Appellees/Cross-
Appellants.

FOR PUBLICATION
October 20, 2015
9:10 a.m.

No. 322654
Allegan Circuit Court
LC No. 11-048797-NI

Before: TALBOT, C.J., and BECKERING and GADOLA, JJ.

TALBOT, C.J.

Plaintiff, Tina Marie Dell, appeals as of right an order of the trial court granting the motion of defendants, Citizens Insurance Company of America and Citizens Insurance Company of the Midwest (collectively, Citizens), for judgment notwithstanding the verdict (JNOV). Citizens cross-appeals from an order of the trial court denying its motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm the trial court's order denying Citizens's motion, reverse the trial court's order granting JNOV, and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of an accident that occurred in 1984. Dell, a pedestrian, was struck by a motor vehicle. She suffered a closed-head injury and injuries to her left leg. These injuries significantly impair her ability to walk. Since the accident, Dell has received no-fault benefits from Citizens under a policy issued to her parents, Paula Chambers and Larry Chambers. To date, Citizens has paid approximately $1M in benefits to Dell.

The dispute in this matter centers on Citizens's failure to pay attendant care benefits to Dell from the time of her accident through 2011. Dell has been under the care of Dr. Brian Visser since the time of her accident. At trial, Dr. Visser testified that he believed Dell has always needed attendant care. According to Paula Chambers, she contacted Citizens in 1987 to request reimbursement for attendant care she provided to Dell. Citizens denied the request, informing her that no such benefits were available. Through her attorney, Dell submitted a written claim for attendant care benefits in April, 2011, attaching to the claim a prescription for attendant care written by Dr. Visser. At that point, Citizens began paying attendant care benefits,

-1-

including reimbursement for attendant care provided in the year prior to the filing of the claim in 2011.

Dell filed suit on July 28, 2011, which sought unpaid no-fault benefits. On a motion for partial summary disposition, the trial court ruled that, pursuant to MCL 500.3145(1), Dell's claim was limited to benefits incurred no more than a year prior to the filing of her complaint. Dell subsequently sought leave to amend her complaint to add a claim under the Michigan Consumer Protection Act (MCPA).[1] Citizens contested the amendment, arguing that it was time-barred by MCL 445.911(7). The trial court granted leave to amend the complaint after concluding that there was a question of fact regarding whether Dell's MCPA claim was barred by MCL 445.911(7).

After Dell filed her amended complaint, Citizens failed to timely file an answer, resulting in a default judgment being entered. Citizens filed a motion to set aside the default, which was denied by the trial court. Citizens filed a motion for reconsideration. It subsequently filed a motion for summary disposition which argued that Dell's MCPA claim must be limited to expenses incurred no more than one year prior to the filing of her complaint pursuant to MCL 500.3145(1) and this Court's opinion in *Grant v AAA Michigan/Wisconsin, Inc (On Remand)*.[2]

The trial court first granted reconsideration and set aside the default. The trial court subsequently denied the motion for summary disposition, finding that MCL 500.3145(1) did not apply to Dell's MCPA claim. Citizens then filed a motion pursuant to MCR 2.116(C)(8). The motion argued that Dell's amended complaint failed to state a claim under the MCPA because the MCPA did not apply to misconduct that occurs in the claims handling or adjustment process. The trial court denied the motion, concluding that Dell's complaint stated a claim under the MCPA.

The matter proceeded to trial. With regard to Dell's claim for no-fault benefits, the jury found that Dell had not incurred any allowable expenses under the no-fault act in the period from July 28, 2010 (one year before the filing of the complaint) and the present. With regard to Dell's MCPA claim, the jury concluded that Citizens had violated the MCPA. The jury awarded Dell $1.7M in unpaid benefits and $300,000 in mental anguish damages resulting from the violation. After trial, Dell filed a motion seeking attorney fees and costs. Citizens moved for JNOV, arguing that the jury's verdict with respect to the first count established that Dell's MCPA claim was time-barred under MCL 445.911(7). The trial court agreed and granted the motion. Having granted JNOV, the trial court denied Dell's request for costs and attorney fees.

On appeal, Dell raises several issues, many of which contest the trial court's decision to grant JNOV. Citizens cross-appeals, arguing that the trial court erred when it concluded that the

---

[1] MCL 445.901 *et seq.*

[2] *Grant v AAA Michigan/Wisconsin, Inc (On Remand)*, 272 Mich App 142; 724 NW2d 498 (2006).

MCPA applies to misconduct that occurs in the claims handling and adjustment process. We begin with Citizens's cross-appeal.

## II. CROSS-APPEAL

Citizens argues that the trial court erred when it denied its final motion for summary disposition. We disagree.

## A. STANDARD OF REVIEW

Issues of statutory interpretation are reviewed de novo.[3] This Court also reviews a trial court's decision on a motion for summary disposition de novo.[4]

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings.[5]

## B. DISCUSSION

The question before this Court is whether the conduct alleged by Dell in her amended complaint, all of which occurred in the claims handling and adjustment process, is actionable under the MCPA. In her amended complaint, Dell alleged the following:

> 25. [Citizens has] engaged in unfair, unconscionable or deceptive conduct in violation of Chapter 20 of the Michigan Insurance Code in its dealings with [Dell] and her family, agents or representatives.

> 26. In particular, [Citizens has] violated [its] duties to act honestly and to explain benefits under MCL 500.2006(3) . . . .

> 27. [Citizens] also violated [its] obligations under MCL 500.2026, including but not limited to, the duty not to misrepresent facts or coverages, the duty to communicate promptly, the duty to affirm or deny coverage timely, the duty to promptly investigate claims, the duty to effectuate prompt, fair and equitable settlements of claims, the duty not to compel insureds to institute litigation by underpaying, the duty to identify payments and coverage, and/or the duty to

---

[3] *Cooper v Auto Club Ins Ass'n*, 481 Mich 399, 406; 751 NW2d 443 (2008).

[4] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[5] *Id*. at 119-120 (quotation marks and citations omitted).

explain [the] basis for denial or offer of compromise. MCL 500.2026(1)(a), (b), (e), (d), (f), (g), (j), (n). . . .

28. [Citizens's] violations of Chapter 20 [of] the Insurance Code constitute unfair, unconscionable or deceptive methods, acts or practices in the conduct of trade or commerce as set forth in the [MCPA] . . . . See, e.g., MCL 445.903(1)(a), (c), (e), (n), (s), (x), (bb), (cc). . . .

In sum, Dell alleged several instances of conduct that violated chapter 20 of the Insurance Code. She further alleged that these violations constituted unfair, unconscionable, or deceptive methods, acts, or practices under the MCPA.

In *Smith v Globe Life Ins Co*, our Supreme Court considered whether a private cause of action against an insurance carrier arising out of the sale of a life insurance policy could be brought under the MCPA.[6] Ultimately, the Court concluded that the plaintiff's MCPA claim could proceed. The Court's decision turned on its interpretation of MCL 445.904(1) and (2). At the time of the Court's decision, these statutes provided, in relevant part:

(1) This act does not apply to either of the following:

(a) a transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States.

\* \* \*

(2) *Except for the purposes of an action filed by a person under* [*MCL 445.9*]*11*, this act does not apply to an unfair, unconscionable, or deceptive method, act, or practice that is made unlawful by:

(a) Chapter 20 of the insurance code of 1956, Act No. 218 of the Public Acts of 1956, as amended, being sections 500.2001 to 500.2093 of the Michigan Compiled Laws.[7]

Our Supreme Court explained that MCL 445.904(1)(a) would generally exempt the sale of insurance from the MCPA because such conduct was " 'specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the

---

[6] *Smith v Globe Life Ins Co*, 460 Mich 446, 462-463; 597 NW2d 28 (1999). The contested issue in *Smith* revolved around whether the insurance application accurately described the insured's existing medical conditions. In the insurance application, slash marks had been made in boxes labeled "NO" in response to questions regarding prior medical diagnoses. The plaintiff asserted that these marks were not in the insured's handwriting. See *id*. at 450-452.

[7] 1993 PA 10 (emphasis supplied). See also *Smith*, 460 Mich at 462, 466.

United States.' "[8]  However, the Court held that MCL 445.904(2) "provides an exception to that exemption by permitting private actions pursuant to [MCL 445.9]11 arising out of misconduct made unlawful by chapter 20 of the Insurance Code."[9]  This was because MCL 445.904(2) "exempt[ed] from the MCPA unfair, unconscionable, or deceptive methods, acts, or practices made unlawful by chapter 20 of the Insurance Code[,]" but that exemption was subject to an exception for actions brought pursuant to MCL 445.911.[10]  Thus, to give effect to the language of both MCL 445.904(1) and (2), the Court held that "the exemptions provided by [MCL 445.90]4(1)(a) and [MCL 445.90]4(2)(a) are inapplicable to plaintiff's MCPA claims to the extent that they involve allegations of misconduct made unlawful under chapter 20 of the Insurance Code."[11]  In response to *Smith*, our Legislature amended MCL 445.904 to provide that, without exception, the MCPA does not apply to conduct "made unlawful by chapter 20 of the insurance code . . . ."[12]  This amendment took effect on March 28, 2001.

The next event of relevance is this Court's decision in *Converse v Auto Club Group Ins Co* (*Converse I*).[13]  In *Converse I*, the trial court dismissed a claim brought by the plaintiff under the MCPA "based on its determination that the no-fault act provides an exclusive remedy for causes of action arising in a motor vehicle accident context."[14]  In a two-to-one decision, this Court affirmed the trial court, but on a different basis.  This Court first held that any claims accruing after March 28, 2001, could not be sustained because of the effect of 2000 PA 432.[15]  With respect to those accruing before March 28, 2001, this Court explained that such actions "were permitted pursuant to MCL 445.911 of the MCPA arising out of misconduct made unlawful by chapter 20 of the insurance code."[16]  However, this Court concluded that any such claim was limited to those "within one year immediately preceding December 2005[,]" the last date a payment was received by the plaintiff.[17]  To reach this conclusion, this Court relied on MCL 445.911(7), which provides, in relevant part:

> An action under this section shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action

---

[8] *Smith*, 460 Mich at 465, quoting MCL 445.903(1)(a).

[9] *Id*. at 467.

[10] *Id*. at 466-467.

[11] *Id*. at 467.

[12] MCL 445.904(3), as enacted by 2000 PA 432.

[13] *Converse v Auto Club Group Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued March 3, 2011 (Docket No. 293303), rev'd in part 493 Mich 877 (2012).

[14] *Id*. at 2.

[15] *Id*. at 3.

[16] *Id*.

[17] *Id*.

nor more than 1 year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever period of time ends at a later date.

This Court reasoned that because the statutory language dictated that the Court apply whichever of the two time periods ended at a later date, the plaintiff's MCPA claim must be limited to claims "within one year preceding December, 2005."[18] But because any cause of action based on conduct occurring after March 28, 2001 was barred by the amendments to MCL 445.904, the majority concluded that the insurer was entitled to summary disposition.[19]

On October 26, 2012, our Supreme Court peremptorily reversed in part this Court's decision in *Converse I*.[20] With regard to MCL 445.911(7), our Supreme Court explained:

MCL 445.911(7) of the MCPA provides, in pertinent part:

An action under this section shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever period of time ends at a later date.

Because plaintiff brought this action within one year of the last payment, plaintiff's action was timely filed and thus plaintiff can seek to recover damages resulting from the methods, acts or practices violative of the MCPA based on conduct by defendant occurring from July 29, 1992 [(the date the plaintiff alleged the misconduct began)] to March 28, 2001 (the effective date of MCL 445.904(3)).[21]

Our Supreme Court's order in *Converse II* prompted our Legislature to again amend MCL 445.904 through 2014 PA 251. Under this act, MCL 445.904 now reads:

(3) This act does not apply to or create a cause of action for an unfair, unconscionable, or deceptive method, act, or practice that is made unlawful by chapter 20 of the insurance code of 1956, 1956 PA 218, MCL 500.2001 to 500.2093, if either of the following is met:

(a) The method, act, or practice occurred on or after March 28, 2001.

---

[18] *Id*.

[19] *Id*. at 3-4.

[20] *Converse v Auto Club Group Ins Co* ("*Converse II*"), 493 Mich 877; 821 NW2d 679 (2012).

[21] *Id*. at 877-878.

(b) The method, act, or practice occurred before March 28, 2001. However, this subdivision does not apply to or limit a cause of action filed with a court concerning a method, act, or practice if the cause of action was filed in a court of competent jurisdiction on or before June 5, 2014.[22]

Through its first enacting section, 2014 PA 251 was given retroactive effect and made effective March 28, 2001.[23] In the act's second enacting section, our Legislature explained:

This amendatory act is curative and intended to prevent any misinterpretation that this act applies to or creates a cause of action for an unfair, unconscionable, or deceptive method, act, or practice occurring before March 28, 2001 that is made unlawful by chapter 20 of the insurance code of 1956, 1956 PA 218, MCL 500.2001 to 500.2093, that may result from the decision of the Michigan [S]upreme [C]ourt in *Converse v Auto Club Group Ins Co*, No. 142917, October 26, 2012.[24]

Thus, under the most recent amendment to MCL 445.904, a plaintiff generally may not bring a claim under the MCPA alleging harm resulting from an "unfair, unconscionable, or deceptive method, act, or practice" that is "made unlawful by chapter 20 of the insurance code . . . MCL 500.2001 to 500.2093 . . . ."[25] However, if the "method, act, or practice" at issue occurred prior to March 28, 2001, and a complaint was filed on or before June 5, 2014, the claim remains viable.[26] The unlawful acts, methods, or practices stated in Dell's complaint were alleged to have occurred before March 28, 2001, and she filed her complaint well before June 5, 2014. Thus, the restrictions stated in MCL 445.904(3) do not apply to her claim.[27]

In Dell's view, this conclusion settles the matter. Relying on *Smith* and *Converse*, Dell takes the position that any conduct that violates chapter 20 of the Insurance Code is incorporated into the MCPA through MCL 445.904. Citizens, however, argues that *Smith* and the cases that followed do not stand for the proposition that all conduct made unlawful by chapter 20 of the Insurance Code is actionable under the MCPA. Rather, Citizens argues that to be actionable, the MCPA itself must render that conduct unlawful. In this regard, we agree with Citizens.

The purpose of MCL 445.904 is not to define what constitutes a violation of the MCPA; it is to remove certain types of claims from the MCPA's purview. MCL 445.904 does so by explaining certain areas in which the MCPA does not apply. It is MCL 445.903 that defines "[u]nfair, unconscionable, or deceptive methods, acts, or practices" and makes such conduct

---

[22] MCL 445.904(3).

[23] 2014 PA 251.

[24] 2014 PA 251.

[25] MCL 445.904(3).

[26] MCL 445.904(3)(b).

[27] MCL 445.904(3)(b).

unlawful under the MCPA in the first instance. In other words, MCL 445.903 broadly defines most of the conduct[28] that is unlawful under the MCPA, while MCL 445.904 removes certain subsets of this conduct from the MCPA's coverage. Thus, to determine whether Dell has stated a viable claim under the MCPA, the first question to be answered is whether the conduct she alleges is unlawful under MCL 445.903; the second question is whether that conduct is exempted from the MCPA's purview by MCL 445.904.

*Smith* does not hold to the contrary. In *Smith*, the question of whether the particular conduct at issue violated MCL 445.903(1) was not addressed. Rather, the question before the Court involved only the second part of the inquiry, i.e., whether the particular claim was exempted from the MCPA's purview by MCL 445.904.[29] Although the Court determined that the particular conduct at issue was not exempted from the MCPA by MCL 445.904, it was not asked to determine whether the conduct came within the MCPA's general purview as expressed by MCL 445.903.[30] *Smith* did not hold that MCL 445.904(2) created a cause of action for violations of chapter 20 of the UTPA; it merely held that MCL 445.904 did not remove claims alleging conduct that violates chapter 20 of the Insurance Code from the MCPA.

Nor does *Converse II* reach a different conclusion. In its order, our Supreme Court stated, "[b]ecause plaintiff brought this action within one year of the last payment, plaintiff's action was timely filed and thus plaintiff can seek to recover damages *resulting from the methods, acts or practices violative of the MCPA* based on conduct by defendant occurring from July 29, 1992 to March 28, 2001.[31] Thus, as was the case in *Smith*, our Supreme Court did not conclude that a violation of chapter 20 of the Insurance Code was alone sufficient to state a claim under the MCPA. Rather, it was the plaintiff's allegations of unconscionable, unfair, or deceptive methods, acts, or practices that were actionable.

Thus, we hold that the MCPA does not create a cause of action for violations of chapter 20 of the Insurance Code. Rather, Dell must allege a violation of the MCPA itself to survive Citizens's motion for summary disposition pursuant to MCR 2.116(C)(8). Citizens argues that the conduct alleged in the complaint does not state a claim under the MCPA because, under its interpretation of MCL 445.903, the MCPA does not reach misconduct in the claims handling or adjustment process. Citizens first relies on MCL 445.903(1), which provides that "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are

---

[28] Along with MCL 445.903, the MCPA contains other provisions that create certain requirements or prohibit certain conduct. See MCL 445.903a through MCL 445.903i. None of these provisions are relevant to this matter.

[29] See *Smith*, 460 Mich at 462 (describing the issue as "whether [the insurer] *is exempted* from plaintiff's claim of MCPA violations . . . ." (emphasis supplied)).

[30] It is worth noting, however, that the plaintiff in *Smith* specifically alleged several violations of MCL 445.903(1). See *Smith*, 460 Mich at 451 n 1.

[31] *Converse II*, 493 Mich at 878 (emphasis supplied).

unlawful . . . ." Citizens argues that the definition of "trade or commerce" does not encompass the claims handling or adjustment process. We disagree.

MCL 445.902(1)(g) defines "trade or commerce" as:

. . . the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity.

As may be seen, nothing in this definition explicitly discusses insurers, or more specifically, the claims handling or adjusting process. But "[b]ecause the MCPA is a remedial statute designed to prohibit unfair practices in trade or commerce, it must be liberally construed to achieve its intended goals."[32] Undoubtedly, at least as it pertains to conduct that occurred before March 28, 2001, the MCPA applies to insurance companies generally.[33] And as MCL 445.902(1)(g) makes clear, "trade or commerce" is much broader than simply advertising, marketing, or selling a product. It includes "the conduct of a business providing" a product or service.[34] An insurance company "provides" the very product or service it is in the business of delivering – insurance coverage – through the claims handling and adjustment process. Such conduct fits within MCL 445.902(1)(g)'s definition of "trade or commerce."

Most of the specific types of conduct that are unlawful under the MCPA are stated in the various subsections to MCL 445.903(1). Dell's complaint alleged that Citizens violated several of these subsections. The trial court concluded that, at a minimum, Dell's complaint stated a claim under MCL 445.903(1)(n). Under this subsection, it is an unlawful method, act, or practice to "caus[e] a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction."[35] Dell alleged that Citizens misrepresented Dell's legal right to certain benefits under the insurance policy. She also alleged that Citizens misrepresented its own legal obligations under the policy. Such misrepresentations would create a "probability of confusion or of misunderstanding as to" Dell's legal rights and Citizens's obligations under the policy. Under MCL 445.903(1)(n), these allegations stated a claim under the MCPA.

Citizens argues that this Court should interpret MCL 445.903(1)(n) as not encompassing misconduct that occurs in the claims handling process or adjustment process. We find nothing in the plain language of MCL 445.903(1)(n) to support such a limitation. Citizens first argues that because the majority of the specific types of conduct that are defined by MCL 445.903(1) as

---

[32] *Price v Long Realty, Inc*, 199 Mich App 461, 471; 502 NW2d 337 (1993).

[33] MCL 445.904(3). See also *Converse II*, 493 Mich at 877; *Smith*, 460 Mich at 465-466.

[34] MCL 445.902(1)(g).

[35] MCL 445.903(1)(n).

unfair, unconscionable, or deceptive methods, acts or practices relate to advertising, marketing, or sales, all of the provisions should be interpreted as encompassing only advertising, marketing, or sales conduct. It is true that many of the subsections of MCL 445.903(1) refer to conduct that occurs in advertising, marketing, or sales.[36] However, not every subsection is so limited. In *Zine v Chrysler Corp*, this Court explained, with regard to MCL 445.903(1)(n), that "[b]ecause representations made both before and after the transaction has been completed could cause a party to the transaction to misunderstand the party's legal rights, [MCL 445.90]3(1)(n) can reasonably be understood to refer to acts that occur before *and after* the transaction has been concluded."[37] That is precisely the situation alleged in Dell's complaint. Dell alleged that Citizens misrepresented its own obligations and Dell's rights created as a result of a transaction between the parties, i.e., the sale of the insurance policy. That the misrepresentations occurred after the sale was completed or in the context of handling a claim made under the policy is of no relevance.

Citizens also focuses on the term "transaction" in MCL 445.903(1)(n). Citizens argues that the "transaction" in this instance is the sale of the policy, and that "to be actionable under the MCPA, the conduct manifestly must relate to the sales transaction." Accepting, *arguendo*, Citizens's basic premise, i.e., that the misconduct must relate to the sale of the insurance policy, Dell stated a claim under the MCPA. Citizens was a party to the sale of the insurance policy. The transaction created a legal obligation on the part of Citizens to pay certain benefits in the event of a covered accident. Dell's complaint alleged that Citizens misrepresented its obligations. Again, that these misrepresentations occurred after the sale was completed is irrelevant.[38]

In sum, while claims of violations of chapter 20 of the Insurance Code alone are insufficient to state a claim under the MCPA, when the allegations also constitute violations of the MCPA, the claim may proceed if the conduct at issue occurred prior to March 28, 2001, and the complaint was filed on or before June 5, 2014. Dell's complaint met these requirements, and accordingly, Citizens's motion for summary disposition was properly denied.

---

[36] See, e.g., MCL 445.903(1)(d) ("Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand[,]"); (1)(e) ("Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another[,]"); (1)(g) ("Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented[,]"); (1)(h) ("Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity in immediate conjunction with the advertised goods or services.").

[37] *Zine v Chrysler Corp*, 236 Mich App 261, 281; 600 NW2d 384 (1999).

[38] *Id*.

## III. JNOV

Dell argues that the trial court erred when it granted JNOV for a number of reasons. Because we conclude that Citizens waived the statute of limitations defense on which the trial court relied, we agree that the trial court erred.[39]

### A. STANDARD OF REVIEW

"We review a trial court's decision with regard to a motion for JNOV de novo."[40] "In reviewing a decision regarding a motion for JNOV, this Court must view the testimony and all legitimate inferences that may be drawn therefrom in a light most favorable to the nonmoving party. If reasonable jurors could have honestly reached different conclusions, the jury verdict must stand."[41] "The interpretation and application of the court rules, like the interpretation of statutes, is a question of law that is reviewed de novo on appeal."[42]

### B. DISCUSSION

"[T]he running of the statute of limitations is an affirmative defense."[43] Pursuant to MCR 2.111(F)(3), "[a]ffirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118." However, "a party who has asserted a defense by motion filed pursuant to MCR 2.116 before filing a responsive pleading need not again assert that defense in a responsive pleading later filed[.]"[44] Thus, a statute of limitations defense "must be raised in the responsive pleading, unless [it] previously ha[s] been raised in a motion for summary disposition before the filing of a responsive pleading . . . ."[45]

---

[39] We note that, while Dell argued that the statute of limitations had been waived in response to the motion for JNOV, the trial court did not address or decide the question. Generally, an issue must be raised, addressed, and decided in the trial court to be preserved for review. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014). But Dell "should not be punished for the omission of the trial court." *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). This Court may address the issue because it concerns a legal issue and all of the facts necessary for its resolution are present. *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 157 n 6; 742 NW2d 409 (2007).

[40] *Morinelli v Provident Life and Accident Ins Co*, 242 Mich App 255, 260; 617 NW2d 777 (2000).

[41] *Id*. at 260-261 (citations omitted).

[42] *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000).

[43] *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993).

[44] MCR 2.111(F)(2)(a).

[45] *Stanke*, 200 Mich App at 312.

"The failure to raise an affirmative defense as required by the court rule constitutes a waiver of that affirmative defense."[46]

The trial court's decision to grant JNOV was based entirely on the statute of limitations found in MCL 445.911(7). This statute provides that a claim under the MCPA must be brought within six years of the occurrence of the "method, act, or practice" that violates the MCPA, or within one year after the last payment in a transaction involving the method, act, or practice.[47] In its answer to Dell's amended complaint, Citizens did not mention MCL 445.911(7) as an affirmative defense. At best, Citizens stated, "[e]ven if Plaintiff states a claim of action under the [MCPA], her recovery is limited to losses within one year prior to filing the complaint." This statement did not present a defense that the MCPA claim was barred by MCL 445.911(7). Rather, it demonstrated that Citizens contemplated the claim proceeding, but that Dell's damages would be limited to those incurred no more than a year prior to the filing of her complaint.[48]

Nor did Citizens raise the defense in a motion for summary disposition filed before it filed its answer. Citizens did file a motion for summary disposition prior to filing its amended answer. However, this motion argued that Dell's MCPA claim was limited to damages incurred in the year prior to filing the complaint pursuant to MCL 500.3145(1). It did not argue that the claim was barred by MCL 445.911(7). Quite the contrary, Citizens argued that the one-year back rule of MCL 500.3145(1) trumped MCL 445.911(7) to the extent that the two were in conflict.[49]

Citizens argues that by raising the one-year limitation in its first responsive pleading and summary disposition motion, it should be deemed to have raised MCL 445.911(7) as an affirmative defense. Citizens relies on this Court's opinion in *Jesperson v Auto Club Ins Ass'n*[50] as support. In *Jesperson*, the plaintiff, in an amended complaint, raised a claim alleging that the

---

[46] *Id*. See also MCR 2.111(F)(2) ("A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted.").

[47] MCL 445.911(7).

[48] While not explicitly stated, this statement seems directly aimed at the one-year-back rule of MCL 500.3145(1).

[49] Specifically, Citizens stated: "Moreover, to the extent that there is a conflict between [MCL 500.]3145(1) . . . and MCL 445.911(7) . . . , in the context of this case, [MCL 500.]3145(1) is the more specific of the two and therefore controls." It is true that the trial court, in its opinion deciding the motion, discussed MCL 445.911(7) and opined that the time period stated in this statute had not expired. However, neither party had raised MCL 445.911(7) in the context of the motion. That the trial court raised and considered the statute sua sponte does not demonstrate that Citizens raised the defense.

[50] *Jesperson v Auto Club Ins Ass'n*, 306 Mich App 632; 858 NW2d 105 (2014), lv gtd 497 Mich 987 (2015).

defendant insurer failed to pay first-party no-fault benefits.[51]  In its answer to the amended complaint, the insurer raised MCL 500.3145(1) as an affirmative defense.[52]  However, and much the same as occurred here, the insurer only referenced the one-year-back provision of the statute; it "did not assert an affirmative defense that specifically referred to the separate statute of limitations provision that is also reflected in MCL 500.3145(1)."[53]  The insurer later filed a motion for summary disposition, arguing that the plaintiff's first-party claim was barred by the statute of limitations stated in MCL 500.3145(1).[54]  The plaintiff argued that this defense had been waived because it was not raised in the insurer's answer.[55]  Without addressing the waiver issue, the trial court ruled that the statute of limitations had run, and granted summary disposition in favor of the defendant for that reason.[56]

This Court stated that, although the plaintiff had only specifically cited the one-year-back provision of MCL 500.3145(1) in its answer, by citing MCL 500.3145(1), the plaintiff "arguably was made aware of the limitations period of that statute and [was] not unfairly surprised by defendant's assertion of the defense."[57]  But it was also true "that defendant did not refer to the statute of limitations in any fashion, and instead specifically described its affirmative defense as relating to the one-year-back provision of the statute, thereby arguably suggesting that it was not citing the statute for any other purpose."[58]  However, this Court did not decide whether referencing the one-year-back provision of MCL 500.3145(1) was sufficient to avoid waiver of the statute of limitations found within the remainder of the same statute.  Rather, this Court explained that "leave to amend pleadings should be freely granted," and thus, "had the trial court found that defendant had failed to plead the statute of limitations defense with sufficient clarity, it could have, in its discretion, granted defendant leave to amend its pleading . . . ."[59]  This Court saw "no need to remand the case for the trial court to do just that."[60]  For this reason, this Court concluded that the "defendant did not waive the affirmative defense of the statute of limitations."[61]

---

[51] *Id*. at 636.

[52] *Id*.

[53] *Id*.

[54] *Id*. at 637.

[55] *Id*. at 638.

[56] *Id*. at 638-639.

[57] *Id*. at 647.

[58] *Id*.

[59] *Id*.

[60] *Id*.

[61] *Id*.

-13-

*Jesperson* does not support Citizens's argument in this case. First, the *Jesperson* Court did not decide that raising the one-year-back provision was sufficient to raise a statute of limitations defense. The Court ultimately resolved the question on an alternate ground, specifically, that the defense could have been added through an amended answer, as is explicitly allowed by the court rules. Second, even if this Court's opinion could be read as holding that raising the one-year-back rule was sufficient to raise the statute of limitations, it would only apply to the statute of limitations provision stated in MCL 500.3145(1). The question in *Jesperson* was whether citing a specific portion of MCL 500.3145(1) was sufficient to raise the entire statute as an affirmative defense. Here, Citizens's motion for JNOV relied on MCL 445.911(7) – an entirely different statute with no similar one-year-back provision. Asserting a one-year limitation on damages could not have even "arguably . . . made [Dell] aware of the limitations period of" MCL 445.911(7).[62] Accordingly, *Jesperson* does not support Citizens's position.

Citizens also argues that it adequately preserved its statute of limitations defense by raising it in its response to Dell's motion to amend her complaint. However, Citizens offers no authority, and we have found none, holding that an affirmative defense is adequately preserved by raising it in a response to a motion for leave to amend the complaint. Rather, our court rules and case law are clear. "Under MCR 2.111(F)(3), affirmative defenses must be raised in the responsive pleading, unless they previously have been raised in a motion for summary disposition before the filing of a responsive pleading, MCR 2.111(F)(2)(a)."[63] Clearly,

---

[62] *Id*.

[63] *Stanke*, 200 Mich App at 312. This Court's application of the rule has been strict. In *Grzesick v Cepela*, 237 Mich App 554, 559-563; 603 NW2d 809 (1999), the trial court determined that the defendant had waived the affirmative defense of comparative negligence because, although the defense had been raised in the defendant's answer to the plaintiff's complaint, as well as in the defendant's answer to the plaintiff's first amended complaint, the defendant failed to plead the defense when responding to the plaintiff's second amended complaint. This Court agreed, explaining:

> . . . [J]ust as an amended complaint supersedes the original complaint, a party's most recent amended answer supersedes any previously filed responsive pleadings. *Consequently, in order to be properly preserved, an affirmative defense must be expressly asserted, or expressly incorporated from a former pleading, in each successive amendment of the original responsive pleading.* In this case, in light of defendant's failure to explicitly reassert the affirmative defense of comparative negligence in her answer to plaintiff's second amended countercomplaint, the trial court properly ruled that defendant waived the defense. [*Id*. at 562-563 (emphasis supplied; footnote omitted).]

Thus, even in circumstances where an affirmative defense had been raised in responsive pleadings, this Court has found that the failure to raise the defense precisely as required under the court rules results in waiver.

Citizens's response to the motion to amend was not a responsive pleading.[64] Nor was the response a "motion filed pursuant to MCR 2.116 . . . ."[65] Accordingly, Citizens waived the statute of limitations found in MCL 445.911(7).

Because Citizens waived the affirmative defense found in MCL 445.911(7), the trial court erred by granting JNOV on that basis. The trial court's order must be reversed, and the matter remanded for entry of a judgment in accordance with the jury's verdict.

## IV. REMAINING ISSUES

Dell raises a number of other arguments regarding the JNOV decision. Having concluded that the statute of limitations defense was waived, we need not address these arguments. Dell also raises other issues related to other decisions made by the trial court during the proceeding. She asks us to consider these issues in the event the jury's verdict is not reinstated. Having concluded that the verdict must be reinstated, we need not address these remaining issues. However, one issue remains. Relying on its decision to grant the motion for JNOV, the trial court declined to consider Dell's motion for costs and attorney fees. On remand, we direct the trial court to decide Dell's motion.

The trial court's decision with regard to Citizens's motion for summary disposition is affirmed. We reverse the trial court's entry of JNOV. We remand the matter for reinstatement of the jury's verdict and further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael F. Gadola

---

[64] See MCR 2.110(A) (defining a "pleading" as a complaint, a cross-claim, a counterclaim, a third-party complaint, an answer to a complaint, cross-claim, counterclaim, or third-party complaint, or a reply to an answer).

[65] MCR 2.111(F)(3).