# STATE OF MICHIGAN

# COURT OF APPEALS

PERCY BAKER,

        Plaintiff-Appellant,

and

SYNERGY SPINE AND ORTHOPEDIC
SURGERY CENTER,

        Intervening Plaintiff,

v

EDWARD DARRELL MARSHALL, HERTZ
VEHICLES, LLC, ERNEST BRADFIELD, and
KENDRA BRADFIELD,

        Defendants,

and

IDS PROPERTY CASUALTY INSURANCE
COMPANY,

        Defendant-Appellee.

FOR PUBLICATION
April 5, 2018
9:00 a.m.

No. 335931
Wayne Circuit Court
LC No. 15-006433-NI

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

M. J. KELLY, P.J.

In this action for uninsured motorist insurance and personal protection insurance (PIP) benefits, the trial court granted summary disposition to defendant, IDS Property Casualty Insurance Company (IDS), on the grounds that plaintiff, Percy Baker, had committed fraud, which, under a fraud-exclusion clause in her automobile insurance policy, voided her coverage.

-1-

Baker appeals as of right, challenging the grant of summary disposition in IDS's favor.[1]  Because IDS failed to plead fraud as an affirmative defense in its answer, amended answer, or a motion for summary disposition filed in lieu of a responsive pleading, we conclude that it waived the defense.  Accordingly, the trial court erred by granting summary disposition on the basis of fraud.  We reverse and remand for reinstatement of Baker's claim against IDS.

## I. BASIC FACTS

The basic facts are undisputed.  Baker sustained injuries when a vehicle driven by Edward Marshall ran a red light and broadsided the vehicle in which she was a passenger.  At the time of the accident, Baker had a no-fault insurance policy with IDS, which included uninsured motorist coverage.  Baker asserted that, as defined in her no-fault policy, Marshall was an uninsured motorist, as was Hertz Vehicles, LLC, the owner of the vehicle Marshal was driving.  She submitted a claim for benefits to IDS, but it was denied.  She also sought PIP benefits under the policy, which were likewise denied by IDS.

In May 2015, Baker filed a complaint, asserting in relevant part that she was entitled to uninsured motorist insurance benefits under the terms of her policy with IDS.  She also asserted that IDS had failed to pay her first-party benefits under the same policy.  IDS filed its answer in June 2015.  Generally, it denied the allegations that it had wrongfully failed to pay uninsured motorist benefits and PIP benefits under the policy issued to Baker.  In its answer, IDS asserted numerous affirmative defenses and reserved the right to file additional affirmative defenses as they "may become known during the course of investigation and discovery."  The affirmative defenses raised in the answer did not include a defense that the insurance policy was *void ab initio* on the basis of fraud.  In response, Baker filed a denial of each of the affirmative defenses and demanded that, as required by MCR 2.111(F)(3), IDS set forth "a detailed statement of fact constituting each and every Affirmative Defense and a recitation of the legal basis therefore . . . ."[2]  Baker later amended her complaint, adding claims against additional parties.  In its answer to the amended complaint, IDS again generally denied the allegations against it and set forth numerous affirmative defenses, but it once more failed to raise contractual fraud as an affirmative defense.

In February 2016, IDS moved for partial summary disposition, asserting that Baker was not entitled to uninsured motorist benefits under her no-fault policy with IDS because Marshal and Hertz had valid insurance policies or were self-insured at the time of the accident.  In doing so, it directed the trial court to the relevant terms of the policy.  It did not, at that time, raise any argument that the policy's fraud-exclusion clause was applicable for any reason.  Before the court ruled on that motion, in May 2016, IDS moved for summary disposition on the entirety of

---

[1] Defendants, Edward Marshall and Hertz Vehicles, LLC, were dismissed from the proceedings pursuant to a stipulated order.  Defendants, Kendra Bradfield and Ernest Bradfield, previously settled with Baker.  On appeal, Baker only challenges the court's grant of summary disposition to IDS.

[2] It appears that no action by IDS was taken in response to this demand.

Baker's claim. For the first time, IDS claimed that Baker had fraudulently misrepresented facts and that the fraud-exclusion clause in her policy with IDS therefore applied and barred her from receiving any coverage. Although Baker argued that IDS had waived its fraud defense by failing to raise it as required by MCR 2.111(F), the trial court granted summary disposition on the basis that the fraud-exclusion clause applied.

## II. WAIVER OF AFFIRMATIVE DEFENSES

### A. STANDARD OF REVIEW

On appeal, Baker argues that the trial court erred by granting summary disposition on the basis of fraud because the defense of fraud was waived by IDS's failure to properly raise it as an affirmative defense under MCR 2.111(F). Our review of a grant of summary disposition is de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

### B. ANALYSIS

"[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 317; 503 NW2d 758 (1993). MCR 2.111(F) addresses the proper manner to plead affirmative defenses and sets forth the consequences for failing to do so. MCR 2.111(F)(2) provides "[a] defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defense of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted." And MCR 2.111(F)(3) provides that "[a]ffirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118." Alternatively, "a party who has asserted a defense by motion filed pursuant to MCR 2.116 before filing a responsive pleading need not again assert that defense in a responsive pleading later filed[.]" MCR 2.111(F)(2)(a). It is worth repeating that it has long been established that under MCR 2.111(F), " '[t]he failure to raise an affirmative defense as required by the court rule constitutes a waiver of that affirmative defense.' " *Dell v Citizens Ins Co of America*, 312 Mich App 734, 753; 880 NW2d 280 (2015), quoting *Stanke*, 200 Mich App at 312. On the record before this Court, it is plain that IDS did not raise its reliance on the fraud-exclusion clause in its affirmative defenses to either the original or the amended complaint, nor did it first raise it in a motion filed under MCR 2.116 before filing a responsive pleading. Accordingly, under the plain language of MCR 2.111(F)(3), the defense is waived.

In Michigan, "[r]eliance on an exclusionary clause in an insurance policy is an affirmative defense . . . ." *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 657; 899 NW2d 744 (2017). Despite that fact, in an effort to avoid waiver under MCR 2.111(F)(3), IDS directs us to this Court's decision in *Stanke* and argues that under the rationale used in *Stanke* the defense in this case is not an affirmative defense because it directly controverts Baker's prima facie case. We disagree.

In *Stanke*, the defendant insurance company argued for about seventeen months that the plaintiff was not entitled to coverage under his parents' no-fault policy because he was not a resident of his parents' domicile. *Stanke*, 200 Mich App at 310-311. Thereafter, the defendant raised a new theory: the vehicle involved in the accident was not named on the declarations page of the policy because there was an "owned vehicle exclusion" clause in the policy. *Id*. at 311. The trial court, however, concluded that the owned-vehicle exclusion argument was an affirmative defense that was waived under MCR 2.111(F), and it denied the defendant leave to amend under MCR 2.118. *Id*. This Court, however, held that it was not an affirmative defense. *Id*. at 315. In doing so, this Court defined an affirmative defense as follows:

> An affirmative defense is a defense that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff. In other words, it is a matter that accepts the plaintiff's allegation as true and even admits the establishment of the plaintiff's prima facie case, but that denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings. For example, the running of the statute of limitations is an affirmative defense. Thus, although the plaintiff may very well have a valid claim and is able to establish a prima facie case, the defendant, as an affirmative matter, may nevertheless establish that the plaintiff is not entitled to prevail on the claim because the defendant can show that the period of limitation has expired and, therefore, the suit is untimely. [*Stanke*, 200 Mich App at 312 (citations omitted).]

The Court then reasoned that whether the insured was operating an owned or non-owned vehicle "directly controverts plaintiff's entitlement to prevail" insofar as if proven the plaintiff would be unable to establish his prima facie case by showing that there was a policy covering the facts at hand. *Id*. at 313-315.

In this case, however, the existence of the fraud-exclusion clause does not controvert Baker's entitlement to prevail on her prima facie case. Her claim is essentially a claim that she had a no-fault policy with IDS and was entitled to benefits under that policy. In order to directly controvert that claim, IDS would have to argue that, under the language in the policy, she was not entitled to recover benefits. Its claim that Baker is not entitled to benefits on the basis of the fraud-exclusion clause, however, requires that it accept that, in the absence of fraud, it would be required to pay her benefits under the policy. Stated differently, in order for fraud to bar Baker's claim, she must first have a claim to be barred. The claim to be barred is the claim raised in her prima facie case. The fraud defense is therefore an affirmative defense, one that if successful would prevent Baker from recovering under the policy despite the fact that she would otherwise prevail on her prima facie case. Because the fraud defense is an affirmative defense, the failure to raise it constitutes a waiver of that defense. Consequently, the trial court erred by granting IDS summary disposition on the basis of fraud.

Reversed and remanded for reinstatement of Baker's claim against IDS. We do not retain jurisdiction. Baker may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Patrick M. Meter