*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINDA YORK,

        Plaintiff-Appellant,

v

BERGER REALTY GROUP, INC.,

        Defendant-Appellee.

UNPUBLISHED
April 23, 2019

No. 341603
Wayne Circuit Court
LC No. 16-008774-NO

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition. We affirm.

This premises liability case arises out of a slip and fall at plaintiff's apartment complex. Plaintiff left her apartment to take her three grandchildren to the grocery store. As plaintiff was walking to her car, she slipped and fell when she stepped from the sidewalk into the handicapped access area of the parking lot.

Defendant filed a motion for summary disposition, arguing that summary disposition was appropriate based on the open and obvious doctrine and that the parking lot was fit for its intended purpose of driving. Plaintiff opposed the motion and argued that the open and obvious doctrine is not a defense to a claim under MCL 554.139, and that the handicapped access area was not fit for its intended purpose of walking because it was covered in ice and snow. The trial court granted defendant's motion for summary disposition because it determined that the ice and snow were open and obvious dangers.

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition because the open and obvious doctrine is not a defense to a claim based on MCL 554.139(1)(a), and because there is a question of fact regarding whether the handicapped access area was fit for its intended purpose. We agree that the trial court erred by applying the open and obvious doctrine to plaintiff's statutory claim, but disagree that there is a question of fact whether the handicapped access area was fit for its intended purpose.

The trial court granted summary disposition under MCR 2.116(C)(10). This Court reviews a grant or denial of summary disposition de novo. *Detroit Edison Co v Stenman*, 311 Mich App 367, 377; 875 NW2d 767 (2015). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim." *Steward v Panek*, 251 Mich App 546, 555; 652 NW2d 232 (2002). "When reviewing a trial court's decision to grant a motion for summary disposition, we consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id*. "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Management LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

Plaintiff's statutory claim is based on MCL 554.139, which provides, in pertinent part:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties. [*Royce v Chatwell Club Apartments*, 276 Mich App 389, 396; 740 NW2d 547 (2007), quoting MCL 554.139.]

Plaintiff correctly argues that the trial court erred by granting summary disposition regarding her statutory claim on the basis of the open and obvious doctrine, as that doctrine cannot be used to protect a defendant from liability under MCL 554.139. *Royce*, 276 Mich App at 397-398. However, we agree with defendant's alternative argument that the trial court properly granted summary disposition of plaintiff's statutory claim because the parking lot was fit for its intended purpose.

We have repeatedly stated in the past that "an issue is not properly preserved if it is not raised before, addressed by, or decided by the lower court or administrative tribunal." *General Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). At the same time we have also repeatedly stated that when it comes to preservation issues a defendant " 'should not be punished for the omission of the trial court.' " *Dell v Citizens Ins Co of America*, 312 Mich App 734, 751-752 n 40; 880 NW2d 280 (2015), quoting *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). There are other doctrines that also avoid the all-encompassing "raised, addressed and decided by" theory, such as our ability to "address the issue because it concerns a legal question and all of the facts necessary for its resolution are present." *Dell*, 312 Mich App at 751-752 n 40. Another doctrine invoked by those who win below is that an issue is preserved because defendant raised the issue below and is seeking only to have the trial court's decision affirmed. *Vanslembrouck v Halperin*, 277 Mich App 558, 565-566; 747 NW2d 311 (2008) (holding that "an appellee is not required to file a cross-appeal to urge an alternative ground for affirming the trial court's order"). Suffice it to say, we have the discretion to review the substance of this issue.

Plaintiff argues that defendant breached its duty under MCL 554.139(1)(a) because the handicapped access area of the parking lot was not fit for its intended purpose, which according to plaintiff is for walking. To the contrary, however, is the Supreme Court conclusion that the intended use for a parking lot is for parking vehicles. *Allison*, 481 Mich at 429.[1] Despite this, plaintiff claims that the handicapped access area of the parking lot where she fell could not have the primary purpose of parking because vehicles are not allowed to park in the area. Plaintiff's argument makes a distinction without a difference. While it may be true that vehicles are not allowed to park in the handicapped access area, plaintiff's argument focuses too much on where vehicles are or are not allowed to park in relation to the intended purpose of a parking lot.

> A parking lot is generally considered suitable for the parking of vehicles as long as the tenants are able to park their vehicles in the lot and have reasonable access to their vehicles. A lessor's obligation under MCL 554.139(1)(a) with regard to the accumulation of snow and ice concomitantly would commonly be to ensure that the entrance to, and the exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles. Fulfilling this obligation would allow the lot to be used as the parties intended it to be used. [*Id.*]

Accordingly, the intended purpose of a parking lot is to park vehicles, while "[w]alking in a parking lot is secondary to the parking lot's primary use." *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 132; 782 NW2d 800 (2010). So while vehicles may not be allowed to park in the handicapped access area, the primary purpose of a parking lot, parking vehicles, reflects the purpose of a parking lot as a whole, and does not account for where vehicles are or are not allowed to park.

Turning to the undisputed material facts, plaintiff slipped and fell in the parking lot while trying to access her vehicle. Plaintiff argued that the handicapped access area was unfit for its intended purpose because ice and snow covered the area. Plaintiff's daughter, Eboné McLean, testified that there were approximately 1 to 2 inches of snow in the parking lot and that there was ice where the sidewalk met the parking lot. However, plaintiff failed to introduce any evidence that the 1 to 2 inches of snow and patch of ice prevented the tenants from parking their vehicles or having reasonable access to their vehicles. And there is some evidence that at least one vehicle used the parking lot around the time plaintiff fell. Importantly, MCL 554.139(1)(a) does not require that a parking lot be maintained "in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot." *Allison*, 481 Mich at 430. Therefore, summary disposition of plaintiff's statutory claim was appropriate because defendant did not breach its duty to keep the

---

[1] Defendant claimed—correctly—that *Allison* is "on all fours" with this case. Despite this statement, defendant proceeds to cite and discuss numerous unpublished opinions from this Court addressing injuries that occurred in parking lots. And defendant does so without explaining why citation to unpublished opinions is necessary, contrary to the requirements of MCR 7.212(C)(7) and MCR 7.215(C).

parking lot fit for its intended use of parking. "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford