*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPINE SPECIALISTS OF MICHIGAN, PC, and
AMERICAN ANESTHESIA ASSOCIATES,
LLC,

        Plaintiffs-Appellants,

v

GEICO INDEMNITY COMPANY,

        Defendant-Appellee.

UNPUBLISHED
August 15, 2019

No. 343683
Wayne Circuit Court
LC No. 17-005249-NF

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

In this suit seeking recovery of personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, plaintiffs Spine Specialists of Michigan, PC and American Anesthesia Associates, LLC appeal as of right the trial court order granting defendant, Geico Indemnity Company, summary disposition. We reverse for the reasons stated in this opinion.

## I. BASIC FACTS

James and Roneica Johnson were injured in a motor-vehicle crash, and they both received medical treatment from plaintiffs. In April 2017, plaintiffs sued Geico to recover payment for medical services provided to James and Roneica Johnson under a no-fault insurance policy issued to the Johnsons by Geico. After our Supreme Court issued its opinion in *Covenant Med Ctr, Inc v State Farm Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), Geico moved for summary disposition on the ground that, in the absence of an assignment of rights from the Johnsons to plaintiffs, plaintiffs had no statutory cause of action against Geico for recovery of no-fault benefits. In response, plaintiffs argued that the trial court should deny Geico's motion because plaintiffs had received assignments of rights from the Johnsons. Plaintiffs also sought leave to amend their complaint to include the assignments. Geico, however, asserted that the assignments were void because they violated an antiassignment clause in the Johnsons' no-fault insurance policy. The trial court agreed with Geico and granted it summary disposition.

-1-

## II. ANTIASSIGNMENT CLAUSE

### A. STANDARD OF REVIEW

Plaintiffs argue that the trial court erred by granting summary disposition because the antiassignment clause was void as against public policy. We review de novo a trial court's decision on a motion for summary disposition. *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015).

### B. ANALYSIS

Our Supreme Court recently held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." *Covenant Med Ctr Inc*, 500 Mich at 196. The Court, however, clarified that its opinion was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. "Under general contract law, rights can be assigned unless the assignment is clearly restricted." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 197; 920 NW2d 148 (2018), lv pending (quotation marks and citation omitted). When an "antiassignment clause is unambiguous, it must be enforced unless it violates the law or public policy." *Id*. at 198. A copy of the Johnsons' no-fault policy is not included in the lower court record, so we cannot discern whether the antiassignment clause at issue in this case is unambiguous.[1] Yet, even if the language in the Johnsons' policy unambiguously prohibits the assignment of rights under the present circumstances, antiassignment clauses in no-fault insurance policies are unenforceable if they prohibit "an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court." *Id*. at 200; see also *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 405; 927 NW2d 717 (2018) (accord), lv pending.

In this case, it is undisputed that the Johnsons had an accrued claim against their insurer for payment for healthcare services that had already been provided by plaintiffs before the Johnsons executed the assignments. Accordingly, assuming *arguendo* that the antiassignment clause is unambiguous, it is nevertheless unenforceable because it is contrary to public policy. *Shah*, 324 Mich App at 200. Although Geico requests that this Court find *Shah* was wrongly decided and call for a conflict panel under MCR 7.215(K)(3), we decline to do so because *Shah*'s holding is currently on appeal to the Michigan Supreme Court. See Ja*wad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 503 Mich 882 (2018).

---

[1] Geico filed a motion seeking to expand the record to include a copy of the policy, but this Court denied the motion. *Spine Specialists of Mich, PC v Geico Indemnity Company*, unpublished order of the Court of Appeals, entered October 25, 2018 (Docket No. 343683). On appeal, Geico continues to request that this Court review the no-fault insurance policy before making a ruling in this case. We decline to do so.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs may tax costs. MCR 7.219(A).

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra