*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

US BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES 2014B,

UNPUBLISHED
November 17, 2022

Plaintiff-Appellant,

v

No. 358213
Oakland Circuit Court
LC No. 2021-185542-CZ

OAKLAND COUNTY and OAKLAND COUNTY
TREASURER,

Defendants-Appellees.

Before: K. F. KELLY, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting partial summary disposition in favor of
defendants under MCR 2.116(C)(7) (statute of limitations) and (C)(8) (failure to state a claim).
On appeal, plaintiff argues that the trial court erred by concluding that its claim was untimely and
by holding that the decision in *Rafaeli, LLC v Oakland County*, 505 Mich 429; 952 NW2d 434
(2020), applied prospectively. Plaintiff further argues the trial court erred by considering
inadmissible evidence. Because we conclude that plaintiff's claim was barred by the statute of
limitations, we affirm.

## I. BACKGROUND

In May 2016, plaintiff was assigned a mortgage for real property owned in Oakland County
(the Property). The mortgage had previously been granted to a different corporation and assigned
one other entity before it was assigned to plaintiff. The Property was tax-delinquent for the tax
years 2010, 2011, and 2012.

The Property was foreclosed and sold at a public auction. Subsequently, a deed for the
Property was issued to the purchaser on September 26, 2014. Defendants retained the full sale
proceeds, including the sums in excess of the delinquent taxes actually owed.

On January 6, 2021, plaintiff filed a complaint, asserting that, by retaining the excess sales proceeds, defendants took plaintiff's property for public use without the payment of compensation required by the Fifth Amendment of the United States Constitution and Article 10, § 2 of the Michigan Constitution. Plaintiff asserted that it was entitled to recover the excess sales proceeds from the sale of the Property from defendants.

In February 2021, defendants filed a motion for summary disposition, arguing that plaintiff's claim was barred by the six-year statute of limitations. Specifically, defendants argued that plaintiff's property right—the mortgage—was extinguished in the foreclosure on March 31, 2014, under MCL 211.78k(5)(c). Therefore, plaintiff's complaint was untimely because it was filed more than six years after the claim accrued. Defendants also argued that plaintiff, as a lienholder, did not have a property right in the surplus proceeds from a tax auction, asserting that *Rafaeli* stood for the proposition that only the "former property owner" had such a right. Additionally, defendants argued that *Rafaeli* should only apply prospectively for surplus proceeds resulting after July 17, 2020.

In response, plaintiff argued that summary disposition was improper. Plaintiff complained that defendants failed to support their motion with admissible evidence, asserting that the documents attached to defendants' motion were inadmissible hearsay. Plaintiff argued that, under MCL 211.78k(5)(c), the foreclosure did not extinguish its rights granted to it by the mortgage; rather, it extinguished only the lien created by the mortgage. Plaintiff asserted that its claim did not accrue until the sale of the real property on September 26, 2014. Relying on *Rafaeli*, Plaintiff also argued that it was entitled to the surplus sale proceeds, which was "a separate property right that survives the foreclosure process," as a result of the assignment of the mortgage.

The trial court issued an order granting defendant's motion for summary disposition under MCR 2.116(C)(7) and (8). The court held that "[t]he general six year statute of limitations applie[d] to taking actions" and concluded that plaintiff's claim was time-barred because plaintiff's "alleged right to the surplus arose only through its Mortgage, which was extinguished on March 31, 2014," and plaintiff had filed its claim more than six years after the foreclosure. The court further concluded that the *Rafaeli* decision applied only prospectively as of July 17, 2020.

This appeal followed.

## II. STATUTE OF LIMITATIONS

Plaintiff argues that the trial court erred by concluding that its claim accrued on September 4, 2013, and by granting summary disposition under MCR 2.116(C)(7) in favor of defendants. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). In reviewing a trial court's decision that a claim is time-barred under MCR 2.116(C)(7),

> [t]his Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of

material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Hutchinson v Ingham Co Health Dep't*, 328 Mich App 108, 123; 935 NW2d 612 (2019) (quotation marks and citations omitted).]

For claims stemming from a party's former property ownership based on their constitutional right to just compensation, the applicable statute of limitations is six years. *Hart v Detroit*, 416 Mich 488, 503; 331 NW2d 438 (1982); see MCL 600.5813. Plaintiff does not dispute that the applicable statute of limitations is six years.

Plaintiff asserts that its claim did not accrue until title to the Property was transferred by the issuance of a deed on September 26, 2014. On the other hand, appellees argue that any alleged claim by appellant accrued as of March 31, 2014, when the foreclosure judgment became final and appellant's lien was extinguished. Plaintiff did not file its claim until January 6, 2021.

We conclude that the trial court properly granted summary disposition under MCR 2.116(C)(7) in favor of defendants because the claim was untimely. Appellant's claim accrued when it suffered harm, not when it was damaged. See MCL 600.5827 ("The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."). Under the General Property Tax Act, MCL 211.1 *et seq.*, if the property is not redeemed by March 31 of the year of foreclosure, all liens are extinguished, and title is vested in the foreclosing governmental unit. MCL 211.78k(5)(c). Therefore, any alleged claim for a taking accrued when the foreclosure judgment became final and appellant's lien was extinguished on March 31, 2014. During oral arguments, appellant, for the first time below or on appeal, asserted that Administrative Order No. 2020-18, 505 *Mich* clxi, clxi (2020), which tolled the statutory limitation periods as a result of the COIVD-19 pandemic from March 10, 2020, until June 20, 2020, affected the timeliness of their complaint. Considering AO 2020-18, appellant was required to file their claim by July 13, 2020, and their January 6, 2021 claim was time barred. Having decided that summary disposition was proper under MCR 2.116(C)(7), we need not decide if summary disposition was also proper under MCR 2.116(C)(8) or address plaintiff's arguments regarding the application of *Rafaeli, LLC*, 505 Mich at 429.[1]

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Anica Letica
/s/ Michelle M. Rick

---

[1] We note that this Court recently held in *Proctor v Saginaw Co Bd of Comm'rs*, ___ Mich App___, ___; ___ NW2d ___ (2022) (Docket No. 349557); slip op at 13, that *Rafaeli, LLC,* 505 Mich at 429, applies retroactively "to pending cases . . . in which a challenge has been raised and preserved."