# STATE OF MICHIGAN

# COURT OF APPEALS

---

TOWNSHIP OF FRASER,

        Plaintiff-Appellee,

v

HARVEY HANEY and RUTH ANN HANEY,

        Defendants-Appellants.

UNPUBLISHED
December 20, 2018

No. 337842
Bay Circuit Court
LC No. 16-003272-CH

---

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff filed this suit seeking injunctive relief to abate a public nuisance. Plaintiff claimed that defendants' piggery violated the zoning ordinance applicable to their property (the land was zoned as "commercial" and not "agricultural"). Defendants filed a motion for summary disposition under MCR 2.116(C)(7) (claim barred by statute of limitations). The trial court denied defendants' motion, holding that this was an action in rem and that the statute of limitations therefore did not apply. Defendants appeal by leave granted.[1] We reverse the decision of the trial court and remand the case in order to allow defendants to amend their responsive pleading to include the statute of limitations as an affirmative defense.

## I. FACTS

On May 3, 2016, plaintiff filed this action against defendants, alleging that defendants were raising approximately 20 domestic hogs on their property in violation of plaintiff's zoning laws and that they were creating a nuisance due to the stench and flies drawn by deer[2] and hog

---

[1] See *Township of Fraser v Haney*, unpublished order of the Court of Appeals, Docket No. 337842 (September 18, 2017).

[2] Defendant Harvey was previously sued by the Michigan Department of Natural Resources (DNR) in 2015 under the Privately Owned Cervidae Producers Marketing Act (POC Act), MCL 287.951 *et seq.*, when it was discovered that he improperly registered his private cervidae (deer) facility—which was apparently located at the same address as the hog raising operation at issue in the instant case—by incorrectly identifying the zoning of the property as "agricultural" instead of "commercial." Defendant failed to seek a variance and his registration was ultimately

waste. Defendant Harvey Haney testified that privately owned deer or elk were no longer on the subject property, but admitted that he began raising hogs on the property in 2006. Plaintiff offered no evidence that defendants continued to bring new hogs onto the property after 2006 or that defendants had actually began to raise hogs on the property after 2006. Plaintiff sought an injunction precluding defendants from continuing to raise hogs (or other animals that would violate plaintiff's zoning ordinance) on the subject property.

Defendants filed a motion for summary disposition, arguing that plaintiff's claim was time-barred by the six-year general period of limitations under MCL 600.5813. The trial court denied defendants' motion, reasoning that the statute of limitations did not apply against plaintiff because the case constituted an action in rem.

## II. STANDARD OF REVIEW

This Court reviews motions for summary disposition under MCR 2.116(C)(7), the applicability of a statute of limitations to a cause of action, and questions of statutory interpretation, de novo. *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 386; 738 NW2d 664 (2007).

## III. ANALYSIS

A motion for summary disposition under MCR 2.116(C)(7) may be raised on the ground that a claim is barred by the statute of limitations. In support of a motion under subrule (C)(7), a party may provide affidavits, pleadings, depositions, admissions, and other documentary evidence. MCR 2.116(G)(5). Unlike a motion brought under subrule (C)(10), "a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). However, the substance of this material, if provided, must be admissible in evidence. *Id*. When reviewing motions under subrule (C)(7),

> this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010) (citations omitted).]

revoked. The DNR sought to permanently enjoin defendant Harvey from possessing cervidae or operating a cervidae livestock operation without a permit and to require him to submit his animals for disease testing. However, the case was ultimately dismissed pursuant to a settlement agreement.

"[O]nly factual allegations, not legal conclusions, are taken as true under MCR 2.116(C)(7)." *Davis v City of Detroit*, 269 Mich App 376, 379 n 1; 711 NW2d 462 (2005).

## A.  WAIVER OF THE STATUTE OF LIMITATIONS DEFENSE

Plaintiff argues that defendants cannot prevail on any statute of limitations defense because defendants failed to assert a limitations period in their first responsive pleading. However, this case presents the unusual situation where the trial court made an express holding with respect to the applicability of the asserted statute of limitations defense notwithstanding defendants' untimely invocation.  The parties briefed and presented their arguments concerning the applicability of the statute of limitations against plaintiff's claim, though plaintiff did not argue that defendants failed to properly assert the statute of limitations defense in their responsive pleading until after this appeal was filed.  Under these circumstances, we hold that the trial court tried the merits of defendants' statute of limitations defense with plaintiff's implied consent.  The issue may therefore be treated as if it had been raised in defendants' pleadings, and it is appropriate to remand the case to allow defendants' to move to amend their responsive pleading accordingly.

"[T]he running of the statute of limitations is an affirmative defense." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 752; 880 NW2d 280 (2015).  Affirmative defenses "must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118." MCR 2.111(F)(3).  Pursuant to MCR 2.118(C)(1),

> [w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised by the pleadings.  In that case, amendment of the pleadings to conform to the evidence and to raise those issues may be made on motion of a party at any time, even after judgment.

In order for an issue to be "tried" for purposes of MCR 2.118(C)(1), it must be analyzed on its merits by the trial court. *Amburgey v Sauder*, 238 Mich App 228, 247-248; 605 NW2d 84 (1999).  The trial court in this case clearly addressed the merits of defendants' untimely assertion of their statute of limitations defense, and the parties were given ample opportunity to brief and argue the issue.  The issue of the period of limitation's applicability was therefore "tried." Moreover, a party may give implied consent to the adjudication of an issue by failing to object to the issue before the trial court. *Zdrojewski v Murphy*, 254 Mich App 50, 61; 657 NW2d 721 (2002); *Grebner v Clinton Charter Twp*, 216 Mich App 736, 744; 550 NW2d 265 (1996).  In this case, plaintiff did not object to defendants' failure to allege a statute of limitations defense in their responsive pleading until after this appeal was filed.  Plaintiff briefed arguments against the applicability of the statute of limitation and presented its case to the trial court.  Ergo, plaintiff has impliedly consented to the adjudication of the issue.  See *Zdrojewski*, 254 Mich App at 61.

MCR 2.118(C)(1) is "liberal and permissive . . . .  The only requirement is that the party seeking amendment move to have the court amend the pleadings . . . ." *Zdrojewski*, 254 Mich App at 61.  Here, defendants have not moved to amend their affirmative defenses.  Typically, this would constitute a binding waiver of the defense. *Geisland v Csutoras*, 78 Mich App 624, 630; 261 NW2d 537 (1977).  Importantly, however, the text of MCR 2.118(C)(1) expressly allows for motions to amend the pleadings to be made by a party "at any time, *even after*

*judgment.*" (Emphasis added.) This Court, in *Geisland*, 78 Mich App at 630, held that where a party improperly asserted a statute of limitations defense but did not mislead or prejudice the opposition, it was appropriate to allow the party to seek leave to amend their answer to include the affirmative defense on remand. This Court in *Jesperson v Auto Club Ins Ass'n*, 306 Mich App 632, 647; 858 NW2d 105 (2014), rev'd on other grounds 499 Mich 29 (2016), held that where the trial court could have granted a defendant leave to amend its pleading to include a statute of limitations defense not previously asserted, and where the defense would have barred the plaintiff's claim, the Court's interest in judicial efficiency enabled the Court to forego remand and simply determine that the statute of limitations defense was not waived. *Id*. For these reasons, it does not matter that defendants have so far failed to move to amend their affirmative defenses, as long as a proper amendment ultimately occurs. See *id*.

It is important to note that if defendants had moved to amend their responsive pleading, the trial court would have been within its discretion to grant such a motion. The *Jesperson* Court stated that "leave to amend pleadings should be freely granted to a nonprevailing party at summary disposition, unless amendment would be futile or otherwise unjustified." *Id*. See also MCR 2.118(A)(2). Aside from futility, other reasons to disallow leave to amend include "undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment . . . ." *Amburgey*, 238 Mich App at 247. Critically,

> [d]elay, alone, does not warrant denial of a motion to amend. However, a motion may be properly denied if the delay was in bad faith or if the opposing party suffered actual prejudice as a result. Prejudice to a defendant that will justify denial of leave to amend is the prejudice that arises when the amendment would prevent the defendant from having a fair trial; the prejudice must stem from the fact that the new allegations are offered late and not from the fact that they might cause the defendant to lose on the merits. [*Id*. (citations omitted).]

As discussed below, defendants' assertion of the statute of limitations would not be futile. Further, because plaintiff was given the opportunity to brief and argue its position against defendants' assertion of the statute of limitations before the trial court, it can hardly be said that plaintiff would suffer prejudice by allowing defendants to amend their responsive pleading. "The mere fact that an amendment might cause a party to lose on the merits is not sufficient to establish prejudice." *Ostroth v Warren Regency, GP, LLC*, 263 Mich App 1, 5; 687 NW2d 309 (2004).

This Court's decision in *Ostroth* is perhaps most instructive. In that case, this Court considered whether a trial court erred in allowing a defendant to amend its affirmative defenses to include the statute of limitations. *Id*. The defendant failed to assert the defense in its responsive pleading and did not move to amend its affirmative defenses to include the defense until after it was raised in its motion for summary disposition. *Id*. Even so, because the defendant's untimely action was not the result of bad faith or undue delay and did not prejudice the plaintiff's ability to respond to the issue, this Court affirmed the trial court's grant of the defendant's motion to amend. *Id*. Accordingly, since there is no indication that defendants asserted the statute of limitations defense in bad faith, the delay in filing a motion to amend

defendants' affirmative defenses would not be sufficient to warrant denying such amendment. See *id*.; *Amburgey*, 238 Mich App at 247.

## B.  THE APPLICABLE PERIOD OF LIMITATIONS

Having determined that defendants' attempted assertion of the statute of limitations is proper, it becomes necessary to determine the period of limitations applicable to plaintiff's claim. Plaintiff's claim is for the abatement of a public nuisance.[3] In *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 383; 760 NW2d 856 (2008), this Court held that an abatement of a public nuisance claim filed by a governmental entity seeking injunctive relief was subject to the six-year general period of limitations under MCL 600.5813. Ergo, the applicable period of limitations in this case is six years. See *id*.

Under MCL 600.5827, "the period of limitations runs from the time the claim accrues." Because there is no statutory provision holding otherwise, this claim "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Id*. Plaintiff's suit is for an abatement of a public nuisance that stemmed from the piggery kept on the subject property in violation of a local ordinance. Thus, the wrong alleged for purposes of accrual occurred when defendants first began to keep hogs on the subject property, regardless of when it began to result in recoverable damage. See *id*. Defendants presented undisputed evidence that they had kept hogs on the property since 2006. Plaintiff filed this suit in 2016, and therefore plaintiff's case was time-barred. See MCL 600.5813.

---

[3] Michigan has historically recognized public nuisance and private nuisance as two distinct violations. *Adkins v Thomas Solvent Co*, 440 Mich 293, 302; 487 NW2d 715 (1992). "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. It evolved as a doctrine to resolve conflicts between neighboring land uses . . . . The gist of a private nuisance action is an interference with the occupation or use of land or an interference with servitudes relating to land." *Id*. at 302-303. A public nuisance, in contrast, "involves the unreasonable interference with a right common to all members of the general public." *Id*. at 304 n 8. Plaintiff, a governmental entity, did not specify which type of nuisance it was claiming against defendants in its complaint. Notably, the mere fact that a condition violates a local ordinance does not render that condition a public nuisance. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 277-278; 761 NW2d 761 (2008). However, plaintiff's language regarding the stench and flies drawn by deer and hog waste suggests that plaintiff was suing defendants not because they interfered with plaintiff's enjoyment of its own land, but because defendants' piggery interfered with the general public's "health, safety, peace, comfort, or convenience." See *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 190; 540 NW2d 297 (1995). The distinction is material, as an action for the abatement of a private nuisance is subject to the three-year statute of limitations under MCL 600.5805(10). *Terlecki v Stewart*, 278 Mich App 644, 652-654; 754 NW2d 899 (2008) (simultaneously rejecting the application of the 15-year period of limitations under MCL 600.5801(4) to a claim of private nuisance).

It is important to note that the accrual of plaintiff's claim is also not subject to tolling simply because plaintiff may have been unaware that defendants were keeping pigs on the subject property in violation of plaintiff's ordinance. The Michigan Supreme Court, in *Trentadue*, 479 Mich at 391-392, held that the common-law discovery rule was not available as a means of tolling the accrual period prescribed by MCL 600.5827. What is relevant, then, is not when plaintiff learned of defendants' violation, but when the violation first took place. See *Trentadue*, 479 Mich at 391-392.

Plaintiff additionally argues that each day that defendants have continued to keep pigs on the property constitutes a separate violation for which the accrual period begins anew. The Fraser Code of Ordinances, § 1-10(a), codifies this assertion by stating that "[e]ach act of violation [of the code] and every day upon which any such violation shall occur shall constitute a separate offense." However, this Court has completely and retroactively abrogated the continuing wrongs doctrine[4] in Michigan, including in nuisance cases. *Marilyn Froling Revocable Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 288; 769 NW2d 234 (2009) (holding that the Michigan Supreme Court's decision in *Garg v Macomb Co Community Mental Health Servs (Amended Opinion)*, 472 Mich 263, 696 NW2d 646 (2005), amended 473 Mich 1205 (2005), and its progeny rendered the common-law continuing wrongs doctrine inapplicable in all cases within the state). Further, no evidence was presented by either party suggesting that defendants were adding new swine to the subject property. Therefore, no new wrongs establishing a newly accrued cause of action can salvage plaintiff's argument. Accordingly, plaintiff's contention in this regard is meritless.[5]

Plaintiff next argues that its claim requesting the abatement of a public nuisance is an action in rem, and therefore the six-year period of limitations is not applicable. This Court, in *City of Detroit*, 258 Mich App at 448, outlined the distinction between actions in personam and actions in rem:

> [A]ctions in personam differ from actions in rem in that actions or proceedings in personam are directed against a specific person, and seek the recovery of a personal judgment, while actions or proceedings in rem are directed against the thing or property itself, the object of which is to subject it directly to the power of the state, to establish the status or condition thereof, or determine its disposition, and procure a judgment which shall be binding and conclusive against the world. The distinguishing characteristics of an action in rem is [sic] its local rather than

---

[4] This is sometimes also referred to as the "continuing violations doctrine," "continuing-wrongful-acts doctrine," and "continuing tort doctrine." *Marilyn Froling Revocable Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 282; 769 NW2d 234 (2009).

[5] Amicus curiae, the Michigan Townships Association, cites to *Joy Mgt Co v City of Detroit*, 183 Mich App 334, 342; 455 NW2d 55 (1990), for the proposition that continuing wrongs doctrine has been applied in the context of local ordinance violations. However, *Joy Mgt Case* was published years before *Garg* or *Marilyn Froling Revocable Trust,* and so its holding—to the extent that it applied the continuing wrongs doctrine—is no longer valid.

transitory nature, and its power to adjudicate the rights of all persons in the thing. [Quotation marks and citation omitted.]

No Michigan court has ever held that a claim seeking an abatement of a public nuisance constitutes an action in rem. This is not an action against the subject property, itself, to determine its fate. Rather, it is an action against specific, natural persons seeking injunctive relief to force them—and only them—to come into compliance with a local zoning ordinance. Ergo, plaintiff's claim is an action in personam subject to the statute of limitations. See *id*.

Plaintiff next argues that if statutes of limitation applied to actions for the abatement of a public nuisance in violation of a local zoning ordinance, this Court would have stated as much in *Jerome Twp v Melchi*, 184 Mich App 228; 457 NW2d 52 (1990). The fact that a court does not discuss a potentially relevant argument in its written opinions does not bear on the merit of the argument. As previously discussed, the statute of limitations is an affirmative defense that must be raised in a defendant's responsive pleading. MCR 2.111(F)(3). It is entirely possible that the statute of limitations was simply not raised before the trial court in *Jerome Twp*, or that the issue was not pursued on appeal. In either situation, the statute of limitations defense—though it may have been meritorious or, at least, applicable—would not have been analyzed by this Court. Plaintiff cannot prevail based on the fact that an argument was not raised in another case, especially where it is unclear whether such an argument had any bearing on its outcome.

Defendants also contend that the trial court improperly relied on *City of Detroit*, 258 Mich App 438, to apply the doctrine of quod nullum tempus occurrit regi against the six-year period of limitations. As an initial note, the trial court did not appear to rely on this doctrine in any meaningful way when outlining its reasons for ruling against defendants. Regardless, *City of Detroit* is the only published decision of any Michigan court to discuss this doctrine. It merely stands for the notion that the sovereign is exempt from the operation of statutes of limitation absent statutory authority stating otherwise. *Id*. at 445-446. As discussed above, the Legislature has enacted MCL 600.5813, which applies to claims by government plaintiffs seeking injunctive abatement of a public nuisance. See *Dep't of Environmental Quality*, 279 Mich App at 383. Accordingly, the government plaintiff in this case is no longer exempt from the statute of limitations under quod nullum tempus occurrit regi. See *City of Detroit*, 258 Mich App at 445-446.

## C. EFFECT ON THE MICHIGAN ZONING ENABLING ACT (MZEA)

Amicus curiae Michigan Townships Association argues that, if defendants are allowed to continue to keep and raise hogs on the subject property pursuant to the applicable statute of limitations, it would effectively render the government's power to regulate nonconforming uses of zoned land, MCL 125.3208, and its authority to abate violations of zoning ordinances as nuisances, MCL 125.3407, null. This logic is flawed. The preceding authorities do not indicate that defendants may engage in further willful violations of plaintiff's zoning ordinances with impunity. They merely stand for the notion that if plaintiff is to file a cause of action against these—or any—defendants, it must do so within the prescribed period of limitations. While it may appear that plaintiff has a good claim against defendants for violating a local ordinance, the legislation of statutes of limitation represents a "public policy about the privilege to litigate." See *Chase Securities Corp v Donaldson*, 325 US 304, 314; 65 S Ct 1137; 89 L Ed 1628 (1945).

-7-

These statutes exist as a matter of necessity, pragmatism, and convenience. *Id*. "They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay." *Id*. Additionally, contrary to amicus curiae's contention, there is no provision in MCL 125.3208 that time-bars claims against any defendant. Any implication that the six-year period of limitation under MCL 600.5813 conflicts with a limitation period prescribed by MCL 125.3208 is therefore meritless.

We reverse the trial court's denial of defendants' motion for summary disposition and remand the case in order to allow defendants to move to amend their responsive pleading to include the statute of limitations in their affirmative defenses in accordance with MCR 2.118(C)(1). We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause