*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF FRASER,

      Plaintiff-Appellee,

v

HARVEY HANEY and RUTH ANN HANEY,

      Defendants-Appellants.

FOR PUBLICATION
January 21, 2020
9:15 a.m.

No. 337842
Bay Circuit Court
LC No. 16-003272-CH

ON REMAND

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

This matter is again before us, now on remand from the Supreme Court. We again reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

In our original opinion, we concluded that the trial court erred in denying defendants' motion for summary disposition under MCR 2.116(C)(7) (claim barred by statute of limitations). *Twp of Fraser v Haney*, 327 Mich App 1, 3; 932 NW2d 239 (2019). The trial court had concluded that, because it was an action in rem, the statute of limitations did not apply. We disagreed and remanded the matter to allow defendants to raise the defense. *Id.* Thereafter, the Supreme Court vacated this Court's judgment and remanded the case to this Court "to address whether the published opinion in this case is consistent with the published opinion in *Baker v Marshall*, 323 Mich App 590[; 919 NW2d 407] (2018)." *Fraser Twp v Haney*, ___ Mich ___; 933 NW2d 42 (2019). We then permitted the parties to file supplemental briefs on remand. After due consideration, we conclude that our original opinion is consistent with this Court's opinion in *Baker*.

In *Baker*, the defendant asserted numerous affirmative defenses, but not one of fraud. *Baker*, 323 Mich App at 593. Rather, fraud was raised for the first time in a motion for summary disposition, which the trial court granted. *Id.* On appeal, the plaintiff argued that the trial court erred in granting summary disposition on the basis of fraud because the defense was waived by the failure to raise it as an affirmative defense. 323 Mich App at 594-595. The *Baker* Court

ultimately concluded that "[b]ecause the fraud defense is an affirmative defense, the failure to raise it constitutes a waiver of that defense." *Id.* at 598.

There is a crucial distinction between *Baker* and the present case. In *Baker*, when the issue of the plaintiff's fraud was raised in the motion for summary disposition, the plaintiff argued that the fraud defense was waived because it had not been pled as an affirmative defense as required by MCR 2.111(F). In the present case, when defendants moved for summary disposition on the basis of the statute of limitations, plaintiff did not argue that defendants had waived the statute-of-limitations defense. It was only after defendants filed their appeal that plaintiff claimed that defendants had waived the statute-of-limitations defense because the defense was not raised in defendants' responsive pleading. *Fraser Twp*, 327 Mich App at 6-7. Because of this distinction, we conclude that our published opinion in this case is consistent with *Baker*.

MCR 2.111(F)(3) provides: "Affirmative defenses must be stated in a party's responsive pleading, *either as originally filed or as amended in accordance with MCR 2.118*" (emphasis added). "When issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised by the pleadings." MCR 2.118(C)(1). In *Baker*, because the plaintiff argued when she responded to the motion for summary disposition that the fraud defense had been waived, the plaintiff did not expressly or impliedly consent to try the fraud issue. In contrast, in our case, because plaintiff responded to the merits of defendants' claim that its request for injunctive relief was barred by the six-year limitations period of MCL 600.5813, without claiming that defendants had waived the statute-of-limitations defense, plaintiff impliedly tried the statute-of-limitations defense. *Fraser*, 327 Mich App at 6-7. Although defendants did not raise the statute of limitations in their responsive pleading, because the statute-of-limitations defense was tried by the express or implied consent of the parties, the defense is treated as if it had been raised by the pleadings. MCR 2.118(C)(1). Additionally, we note that, because MCR 2.117(F)(3) permits an affirmative defense to be raised by way of amendment, it cannot be concluded that failure to initially raise it in the affirmative defenses forever bars it from being raised.

Finally, we briefly address a point raised in plaintiff's supplemental brief on remand. Plaintiff suggests that it is excused from raising the issue precisely because the trial court chose to address it. In its brief, plaintiff argues as follows:

> Since the Court decided to hear the Motion, Plaintiff's Counsel did not have much choice other than to participate. Telling the Circuit Judge "Gee Judge you should not be hearing this Motion so I am leaving…" [w]ould be disrespectful, stupid, and likely to encourage the Circuit Judge to hold Counsel in contempt. That seems to be what Appellant is saying should have been done. Easy for them to say.

We would agree that walking out of the courtroom in the middle of the motion hearing would indeed be disrespectful and stupid, and possibly lead to a finding of contempt. But the same could not be said of raising the argument that the issue of the statute of limitations was not properly before the trial court. Plaintiff could, respectfully, raise the argument that defendants had not properly pled the defense. Indeed, it is an argument that plaintiff could well have put in

its response to the motion for summary disposition and led with at the motion hearing.[1] If the trial court chose to address the issue anyway, then plaintiff could continue with the hearing and raise the issue again on appeal if necessary, this time having properly preserved the argument rather than waive it.[2]

For these reasons, we conclude that our original opinion was consistent with *Baker* and we reaffirm our original opinion.

The matter is again reversed and remanded to the trial court for further proceedings consistent with this opinion and our original opinion. We do not retain jurisdiction. Defendants may tax costs.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause

---

[1] Not only did plaintiff first raise this issue on appeal to this Court, it did not raise it in its application to the Supreme Court, nor did it raise any issue regarding a conflict with the decision in *Baker*. Rather, the Supreme Court sua sponte raised the issue.

[2] Conversely, a party is generally not obligated to specifically preserve an objection to an issue raised sua sponte by a court. See MCR 2.517(A)(7); *In re Gach*, 315 Mich App 83, 97; 889 NW2d 707 (2016).