*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMASINA GLASKER-DAVIS,

Plaintiff-Appellant,

v

DAMAN STEVEN AUVENSHINE,

Defendant,

and

MEEMIC INSURANCE COMPANY,

Defendant -Appellee.

FOR PUBLICATION
August 13, 2020
9:00 a.m.

No. 345238
Wayne Circuit Court
LC No. 16-016881-NI

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

RONAYNE KRAUSE, P.J.

Plaintiff, Thomasina Glasker-Davis (plaintiff), appeals by right the trial court's order granting summary disposition in favor of defendant Meemic Insurance Company (Meemic). Plaintiff was injured in an automobile accident. Plaintiff alleged a claim for negligence against Daman Steven Auvenshine, the driver of the other vehicle; and a claim for first-party benefits against Meemic, plaintiff's no-fault insurance provider. Specifically, plaintiff claimed she was entitled to compensation for several months of replacement care services she received daily from her daughter. At her deposition, plaintiff testified that her daughter had performed services daily for a brief period and otherwise only came over two to three times a week. On the basis of that discrepancy, Meemic moved for summary disposition on the ground of fraud. The trial court granted summary disposition, and Auvenshine was then dismissed by stipulation. Because we agree with plaintiff that Meemic failed to properly raise fraud in its affirmative defenses, we reverse and remand for further proceedings.

## I. BACKGROUND

-1-

For purposes of this appeal, the underlying facts in this matter are not seriously disputed. On June 17, 2016, plaintiff was driving her car in Detroit, when Auvenshine backed his car out onto the road and crashed into plaintiff's car. Plaintiff was injured in the crash. Meemic had issued a policy of no-fault insurance under which plaintiff was covered. Plaintiff did not make any claims for wage loss or attendant care services, but rather only for household assistance or replacement care services, which she referred to as "the chores." The record shows that plaintiff, through counsel, submitted to Meemic "Household Services Statements" purporting to show that her daughter, Alicia Glasker, had cleaned plaintiff's kitchen, washed the dishes, and cooked almost every day[1] from July 1, 2016, through September 30, 2017. In her complaint, plaintiff contended that Meemic refused to make payments for those services. Meemic filed an answer that consisted almost entirely of boilerplate denials or disavowals of knowledge as to the allegations. Meemic also filed a forty-six-paragraph list of affirmative defenses, most of which are also boilerplate. One of those affirmative defenses stated in full, "The Plaintiff has given false and/or conflicting information to Defendant, thus, are [sic] fraudulent in nature."

At plaintiff's deposition, she testified that she had not kept track of when Alicia performed the chores or rendered assistance. Rather, Alicia kept track on pieces of paper that plaintiff would review and sign. We note that the Household Services Statements actually appear to be signed by Alicia, not by plaintiff, and all of the other writing on the forms appears to be from the same hand. Plaintiff testified that as of the date of her deposition, in August of 2017, Alicia was coming over to help plaintiff approximately twice a week. Plaintiff believed that Alicia came over more often in 2016 because plaintiff was suffering much more pain at the time. Plaintiff stated that Alicia had come over on a daily basis "when [plaintiff] first got sick." However, for at least some portion of 2016, Alicia came over "maybe three times a week." Plaintiff emphasized that she relied on the forms Alicia filled out to determine when Alicia performed services. The record suggests that plaintiff may have suffered some memory deficits, caused by the accident, plaintiff's blood pressure, or both. However, we cannot find any other details of the nature or extent of those deficits in the record.

Meemic moved for summary disposition on the basis of the fraud provision in its policy. That provision apparently[2] stated in relevant part that the "entire Policy is void if any insured person has intentionally concealed or misrepresented any material fact or circumstance relating to . . . any claim made under it." Meemic argued that in light of plaintiff's deposition testimony that Alicia had performed services at most three times a week, the Household Services Statements and claim for services performed daily constituted fraud under the policy. Plaintiff recognized that her claims for daily replacement household services conflicted with her deposition testimony. However, plaintiff argued that the policy's fraud provision required *intentional* misrepresentations, and there were outstanding factual questions whether plaintiff had intentionally provided conflicting or inaccurate information, especially because Alicia had not been deposed. Plaintiff

---

[1] No services were claimed for September 27, 2016. The forms also reflect that Alicia occasionally did plaintiff's laundry.

[2] Insofar as we can find, Meemic has never provided more than the first 16 pages of its insurance policy, and the policy's table of contents indicates that the fraud provision is on page 22. Nevertheless, the parties agree that the policy contains the quoted language.

further argued that Meemic had not properly raised fraud in its affirmative defenses, because a mere reference to fraud did not constitute pleading with particularity as required by the court rules.

The trial court held a motion hearing, during which the parties argued consistent with their briefs regarding whether plaintiff had intentionally misrepresented any material facts within the meaning of the insurance policy. During the hearing, neither the parties nor the trial court mentioned plaintiff's contention that Meemic had waived any fraud defense. The trial court ruled from the bench that it found plaintiff to have unequivocally testified that Alicia "never" provided services more than three times a week. It also found that plaintiff's testimony established that she had reviewed all of the statements provided by Alicia, so plaintiff would have known the statements were incorrect; therefore, plaintiff necessarily provided material and intentional misrepresentations to Meemic. The trial court concluded that no reasonable trier of fact could conclude "other than that there was a material and intentional misrepresentation made by the Plaintiff," so it granted summary disposition in Meemic's favor.

Plaintiff moved for reconsideration, reiterating her position that Meemic had not properly raised its fraud affirmative defense, and reminding the court that plaintiff had included the waiver argument in its response to Meemic's motion for summary disposition. She argued that Meemic's late assertion of fraud after the close of discovery precluded plaintiff from deposing Alicia, thereby prejudicing her. The trial court entered an order denying reconsideration, repeating that no palpable error occurred because no rational trier of fact could find that plaintiff had not committed fraud. The trial court's order denying reconsideration did not mention waiver of the fraud affirmative defense. Plaintiff and Auvenshine stipulated to Auvenshine's dismissal and to the entry of a final order closing the case. This appeal followed.

## II. ISSUE PRESERVATION

It is sometimes erroneously believed that an issue must be raised in *and* decided by the trial court for that issue to be preserved for appeal. See, e.g., *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). However, our Supreme Court has unequivocally explained that "[parties] should not be punished for the omission of the trial court," and it squarely rejected "the proposition that issues undecided by the trial court are not preserved for appeal." *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). Rather, issue preservation requirements only impose a general prohibition against raising an issue for the first time on appeal. *Id*. Consistent with that principle, a party also need not preserve an objection to "a finding or decision" made by the trial court, MCR 2.517(A)(7); or, at least under some circumstances, other acts or omissions undertaken sua sponte by a court. See *In re Gach*, 315 Mich App 83, 97; 889 NW2d 707 (2016). Furthermore, so long as the issue itself is not novel, a party is generally free to make a more sophisticated or fully-developed argument on appeal than was made in the trial court. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002). This Court also has the power to consider an issue when necessary, even if unpreserved or not properly presented. *Id*.; *Mack v Detroit*, 467 Mich 186, 207; 649 NW2d 47 (2002).

Here, plaintiff specifically and extensively argued in response to Meemic's motion for summary disposition that Meemic had waived the affirmative defense of fraud. Although waiver was not discussed during oral argument at the motion hearing, a party need only bring the issue to the court's attention—whether orally or in a brief or both. See *Steward*, 251 Mich App 551 n 6.

-3-

Plaintiff's briefing of the issue unambiguously raised the issue. "The purpose of the appellate preservation requirements is to induce litigants to do what they can in the trial court to prevent error and eliminate its prejudice, or to create a record of the error and its prejudice." *Local Emergency Financial Assistance Loan Bd v Blackwell*, 299 Mich App 727, 737; 832 NW2d 401 (2013) (quotation and alteration omitted). Plaintiff clearly did everything reasonable to bring this issue to the trial court's attention. Cf. *Twp of Fraser v Haney (On Remand) (Fraser II)*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 337842), slip op at p 2 (because the plaintiff permitted an unraised affirmative defense to be tried by implied consent, the plaintiff waived any argument that the defendant had waived that affirmative defense). The trial court—not plaintiff— erred by failing to address this issue. It is therefore preserved for this appeal.

## III. STANDARD OF REVIEW

"This Court reviews de novo the grant or denial of a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Id.* at 5. This Court also reviews de novo the interpretation of statutes, court rules, and legal doctrines. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). "Moreover, questions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Our review of the sufficiency of the pleadings under either MCR 2.116(C)(8) (failure to state a claim) or 2.116(C)(9) (failure to state a defense) is de novo. *Bank of America NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 487-488; 892 NW2d 467 (2016). By analogy, we conclude that we also review de novo the sufficiency of any assertions of affirmative defenses. This Court will affirm a correct outcome even if the trial court erred in its reasoning. *Kirl v Zinner*, 274 Mich 331, 336; 264 NW 391 (1936).

## IV. FRAUD AFFIRMATIVE DEFENSE

Michigan is "a traditional notice-pleading jurisdiction" with "a relatively low bar" for the sufficiency of initial allegations, particularly because parties generally will not yet have the benefit of discovery. *Tomasik v State of Michigan*, 327 Mich App 660, 677-678; 935 NW2d 369 (2019). "[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposing party to take a responsive position." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 317; 503 NW2d 758 (1993). Affirmative defenses are not "pleadings" under the court rules. *McCracken v City of Detroit*, 291 Mich App 522, 526-528; 806 NW2d 337 (2011). Nevertheless, affirmative defenses have long been understood to be something that must be "pled." See *Robinson v Emmet Co Road Comm*, 72 Mich App 623, 639; 251 NW2d 90 (1976). Furthermore, the court rules provide that affirmative defenses may be amended pursuant to the same process as pleadings and are to be included within a pleading. MCR 2.111(F)(3), citing MCR 2.118; *Southeast Michigan Surgical Hosp, LLC v Allstate Ins Co*, 316 Mich App 657, 663; 892 NW2d 434 (2016), lv den in part and remanded in part on other grounds 503 Mich 1004 (2019). Thus, affirmative defenses are highly analogous to pleadings, and we conclude that they serve the essentially the same functional purpose.

-4-

Michigan's procedural rules recognize and account for the fact that it may not be possible to plead fraud, or indeed anything else, with particularity at the commencement of a case. A party may move to amend its affirmative defenses at any time, and leave should be granted freely unless doing so would prejudice the other party. *SE Mich Surg Hosp*, 316 Mich App at 663; *Stanke*, 200 Mich App at 320-321. Under MCR 2.118(C), amendments to conform to the evidence "may be made on motion of a party at any time, even after judgment." See *Township of Fraser v Haney (Fraser I)*, 327 Mich App 1, 6-9; 932 NW2d 239 (2018), vacated 504 Mich 968 (2019), and reaffirmed on remand by *Fraser II*, ___ Mich App at __ (slip op at p 3). MCR 2.111(F)(3) is stated in the alternative: "Affirmative defenses must be stated in a party's responsive pleading, either as originally filed *or as amended* in accordance with MCR 2.118" (emphasis added). "Prejudice" within the meaning of MCR 2.118(C) does not mean the opposing party might lose on the merits or might incur some additional costs; rather, it means the opposing party would suffer an inability to respond that the party would not otherwise have suffered if the affirmative defense had been validly raised earlier. *Ostroth v Warren Regency, GP, LLC*, 263 Mich App 1, 5; 687 NW2d 309 (2004); *SE Mich Surg Hosp*, 316 Mich App at 663-665; *Stanke*, 200 Mich App at 321-322.

Thus, a defending party is not required to inundate a plaintiff with a laundry list of every conceivable affirmative defense from the outset, irrespective of whether there is reason to believe any of the defenses might ultimately be supportable. MCR 1.109(E)(5)(b); see also *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208, 213; 850 NW2d 667 (2013), rev'd in part on other grounds[3] 498 Mich 68 (2015). Rather, a defending party may, and should, amend its affirmative defenses on an ongoing basis as supported by the actual evidence discovered in a matter. Shoehorning every conceivable possibility, appropriate or not, into a first responsive pleading lest it be lost forever is not only unnecessary, but also inappropriate, unhelpful, and essentially contrary to the purpose of pleading.

We therefore agree with plaintiff that even under ordinary notice-pleading requirements, merely enumerating "[a] laundry list of affirmative defenses gives the plaintiff no more notice, in the context of an affirmative defense, than a statement that 'I deny I'm liable', gives in the context of an ordinary defense." *Woodruff v State Farm Mut Auto Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued May 27, 2014 (Docket No. 314093), unpub op at p 5, citing *Stanke*, 200 Mich App at 318.[4] We find *Woodruff* persuasive in the absence of binding authority on point: a tome of disconnected boilerplate affirmative defenses, many of questionable relevance, does not provide the opposing party with any meaningful way to respond. Furthermore, it is difficult to understand how doing so could possibly be considered the result of a "reasonable inquiry," or "well grounded in fact" or "warranted by existing law or a good-faith argument for the extension,

---

[3] On appeal, our Supreme Court expressly declined to address any affirmative defense issues. See *Tyra*, 498 Mich at 87-89.

[4] Unpublished opinions of this Court are not binding under the "first-out rule," MCR 7.215(J)(1), and are not precedential under the rule of stare decisis, MCR 7.215(C)(1), so their use is disfavored. *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 772 n 7; 887 NW2d 635 (2016). However, the reasoning in an unpublished opinion may be adopted as persuasive. See, e.g., *Cedroni Assoc, Inc v Tomblinson, Harburn Assoc, Architects & Planners Inc*, 492 Mich 40, 50-52; 821 NW2d 1 (2012). We adopt *Woodruff*'s reasoning as persuasive here.

modification, or reversal of existing law." MCR 1.109(E)(5)(b). In any event, the affirmative defense of fraud, see MCR 2.111(F)(3)(a), is a notable exception to the general notice-pleading requirements and requires significantly more detailed and stringent allegations.

A defense premised on an alleged violation of an anti-fraud provision in an insurance policy constitutes an affirmative fraud defense. *Baker v Marshall*, 323 Mich App 590, 597-598; 919 NW2d 407 (2018). "In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity." MCR 2.112(B)(1). Thus, it is insufficient simply to state that a plaintiff's conduct had been fraudulent. *SE Mich Surg Hosp*, 316 Mich App 663. Meemic accurately points out that it went beyond merely stating that plaintiff committed fraud. However, Meemic still only vaguely stated that plaintiff had provided Meemic with some unidentified information, at an unidentified time, that was incorrect or inconsistent in an unidentified way. Meemic argues that some of its other affirmative defense allegations provide adequate context to render its fraud claim sufficient. However, as with the fraud allegation, few[5] of those other allegations set forth any facts or circumstances with particularity, and they only barely rise to the level of "something more specific than" mere citations. See *Stanke*, 200 Mich App at 318.

Consequently, it is obvious that Meemic's affirmative defenses did not adequately raise the affirmative defense of fraud. The trial court erred by granting summary disposition in Meemic's favor on the basis of fraud under the present procedural posture of this matter. We need not address any of the other arguments presented on appeal, and we express no opinion whatsoever as to any factual questions in this matter.

The order granting summary disposition in Meemic's favor is reversed, and this matter is remanded to the trial court for further proceedings. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel

---

[5] Meemic did specifically assert, in a separate allegation, that plaintiff's attendant care and household services claims were not reasonably necessary and were barred by the three-year limitations period. However, this assertion is difficult to read as alleging fraud, or even alleging that the care and services never occurred.