# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

TOWNSHIP OF FRASER v HANEY

Docket No. 160991. Argued October 6, 2021 (Calendar No. 3). Decided February 8, 2022.

Fraser Township filed a complaint in the Bay Circuit Court against Harvey and Ruth Ann Haney, seeking a permanent injunction to enforce its zoning ordinance and to prevent defendants from raising on their commercially zoned property hogs or other animals that would violate the zoning ordinance, to remove an allegedly nonconforming fence, and to plow and coat the ground with nontoxic material. Defendants brought a hog onto their property as early as 2006, and defendants maintained hogs on their property through the time this lawsuit was filed in 2016. Defendants moved for summary disposition, arguing that plaintiff's claim was time-barred by the six-year statutory period of limitations in MCL 600.5813. The trial court, Harry P. Gill, J., denied the motion, concluding that because the case was an action in rem, the statute of limitations did not apply. Defendants sought leave to appeal in the Court of Appeals. The Court of Appeals, SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ., reversed, holding that because defendants had kept hogs on the property since 2006 and plaintiff did not bring suit until 2016, plaintiff's case was time-barred. 327 Mich App 1 (2018). Plaintiff sought leave to appeal in the Supreme Court, and in lieu of granting leave to appeal, the Supreme Court vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for it to address whether defendants waived an affirmative defense under *Baker v Marshall*, 323 Mich App 590 (2018). 504 Mich 968 (2019). On remand, the Court of Appeals, SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ., distinguished *Baker* and explained that defendants did not waive the statute-of-limitations defense. 331 Mich App 96 (2020). Plaintiff again sought leave to appeal in the Supreme Court, and the Supreme Court granted leave to consider whether MCL 600.5813 barred plaintiff from enforcing its zoning ordinance. 506 Mich 964 (2020).

In a unanimous per curiam opinion, the Supreme Court *held*:

MCL 600.5813 did not bar plaintiff's suit, which was an action for injunctive relief to address violations of the zoning ordinance that occurred within the six-year limitations period. MCL 600.5813 provides that all other personal actions shall be commenced within the period of six years after the claims accrue and not afterwards unless a different period is stated in the statutes. MCL 600.5827 defines when a claim accrues for purposes of MCL 600.5813. MCL 600.5827 states that except as otherwise provided, the period of limitations runs from the time the claim accrues and that the claim accrues at the time the wrong upon which the claim is based was done

regardless of the time when damage results. In this case, plaintiff sought to enforce its zoning ordinance through a nuisance-abatement action under MCL 125.3407 of the Michigan Zoning Enabling Act, MCL 125.3101 *et seq*. Plaintiff alleged that because defendants' land was zoned for commercial use, rather than agricultural use, defendants could not raise hogs or other animals on the land. The wrong alleged in plaintiff's complaint was defendants' keeping of hogs on their property. The presence of the hogs on the property constituted the wrong, and that wrong, along with the attendant harms it caused, was being committed as long as the piggery was in operation. The plain language of the Zoning Enabling Act supported this conclusion. MCL 125.3407 states that a "use" of land in violation of a zoning ordinance is a nuisance per se. "Use" means the application or employment of something, especially a long-continued possession and employment of a thing for the purpose for which it is adapted, as distinguished from a possession and employment that is merely temporary or occasional. A use is inherently ongoing. Defendants' use of the property to raise hogs was not a one-time occurrence that happened in 2006; the use continued as long as the property was employed as a piggery. Therefore, whether the zoning violation accrued continuously or each day, it accrued within the limitations period, and plaintiff's action was timely because its complaint was initiated within six years of defendants' most recent offenses. The Court of Appeals erroneously concluded that plaintiff's action would be timely only under the continuing-wrongs doctrine, which has been abrogated in Michigan. The continuing-wrongs doctrine was not relevant to plaintiff's claim for relief because plaintiff did not seek to reach back and remedy or impose monetary fines for violations that occurred outside the period of limitations; rather, plaintiff's injunctive action sought to remedy only present violations, which occurred within the six-year period of limitations.

Court of Appeals judgment reversed, trial court order denying summary disposition reinstated, and case remanded to the trial court for further proceedings.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED February 8, 2022

S T A T E   O F   M I C H I G A N

SUPREME COURT

TOWNSHIP OF FRASER,

Plaintiff-Appellant,

v

No. 160991

HARVEY HANEY and RUTH ANN
HANEY,

Defendants-Appellees.

BEFORE THE ENTIRE BENCH

PER CURIAM.

Defendants, Harvey and Ruth Ann Haney, owned property in Fraser Township that is zoned for commercial use. Defendants brought a hog onto their property as early as 2006. At some point, additional hogs were brought onto the property. Plaintiff, Fraser Township, filed its complaint in May 2016, alleging that defendants' property is not zoned for agricultural use and that defendants' actions violate its zoning ordinance and constitute a nuisance. Plaintiff seeks a permanent injunction to enforce its ordinance and to prevent

defendants from raising on their property hogs or other animals that would violate the zoning ordinance, to remove an allegedly nonconforming fence, and to plow and coat the ground with nontoxic material. We must decide whether plaintiff's action is barred by the pertinent six-year statute of limitations.[1] We hold that it is not. Plaintiff has alleged a harm that has occurred every day on which defendants maintain hogs on their property. Plaintiff's action is timely under MCL 600.5813 because its complaint was initiated within six years of defendants' most recent offenses. The Court of Appeals erred by analyzing this case as a "continuing wrongs" case because plaintiff does not seek to reach back and remedy or impose monetary fines for violations that occurred outside the period of limitations. Rather, plaintiff's injunctive action seeks to remedy only present violations, which occurred within the six-year period of limitations. We therefore reverse the judgment of the Court of Appeals, reinstate the trial court's order denying summary disposition, and remand this case to the trial court for further proceedings that are consistent with this opinion.

## I. BASIC FACTS AND PROCEEDINGS

Defendants began raising at least one hog on their commercially zoned property in 2006.[2] Plaintiff alleges that defendants were raising approximately 20 hogs when the complaint was filed and that the property was saturated with animal waste, "creating a horrible stench and attraction for flies." The complaint alleges that defendants had a history of illegal animal operations on the property, including a deer farm that had been ordered

---

[1] MCL 600.5813.

[2] Defendants' property was not (and is not) zoned for agriculture.

2

closed by a circuit court and Russian boar production that had been banned by the Michigan Department of Natural Resources.

Defendants moved for summary disposition, arguing that plaintiff's claim was time-barred by the six-year statutory period of limitations set forth in MCL 600.5813. The trial court denied the motion, reasoning that this was an action in rem, as opposed to a "personal action," so the statute of limitations did not apply. Defendants sought leave to appeal in the Court of Appeals, and the Court of Appeals granted leave to appeal and reversed. It held that because defendants had kept hogs on the property since 2006 and plaintiff did not bring suit until 2016, plaintiff's case was time-barred.[3]

Plaintiff sought leave to appeal in this Court, and in lieu of granting leave, we vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for it to address whether defendants waived an affirmative defense under *Baker v Marshall*.[4] On remand, the Court of Appeals distinguished *Baker* and explained that defendants did not waive the statute-of-limitations defense.[5]

Plaintiff again sought leave to appeal in this Court, and we granted leave to consider whether MCL 600.5813 bars plaintiff from enforcing its zoning ordinance.[6]

---

[3] *Fraser Twp v Haney*, 327 Mich App 1, 11; 932 NW2d 239 (2018), vacated 504 Mich 968 (2019). This opinion was originally released as an unpublished opinion, but the panel agreed to publish its opinion per defendants' request. See MCR 7.215(D).

[4] *Baker v Marshall*, 323 Mich App 590; 919 NW2d 407 (2018); *Fraser Twp v Haney*, 504 Mich 968 (2019).

[5] *Fraser Twp v Haney*, 331 Mich App 96, 98-99; 951 NW2d 97 (2020).

[6] *Fraser Twp v Haney*, 506 Mich 964 (2020).

3

## II.  STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition.[7]  We also review de novo questions of law and statutory interpretation.[8]

## III.  ANALYSIS

The statute of limitations at issue, MCL 600.5813, states, "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."  MCL 600.5827 defines when a claim accrues for purposes of interpreting MCL 600.5813, and it provides:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues.  The claim accrues . . . at the time the wrong upon which the claim is based was done regardless of the time when damage results.

" '[T]he wrong is done when the plaintiff is harmed rather than when the defendant acted' under § 5827 . . . ."[9]  "The relevant 'harms' . . . are the actionable harms alleged in a plaintiff's cause of action."[10]  We thus look to plaintiff's complaint to determine when the wrong upon which the claim is based was done.

Plaintiff seeks to enforce its zoning ordinance through a nuisance-abatement action. The Michigan Zoning Enabling Act[11] permits such actions, providing, in relevant part:

---

[7] *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 917 NW2d 584 (2018).

[8] *Id.* at 285-286.

[9] *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 387 n 8; 738 NW2d 664 (2007) (citation omitted).

[10] *Frank v Linkner*, 500 Mich 133, 150; 894 NW2d 574 (2017).

[11] MCL 125.3101 *et seq.*

Except as otherwise provided by law, a use of land or a dwelling, building, or structure, including a tent or recreational vehicle, used, erected, altered, razed, or converted in violation of a zoning ordinance or regulation adopted under this act is a nuisance per se. The court shall order the nuisance abated, and the owner or agent in charge of the dwelling, building, structure, tent, recreational vehicle, or land is liable for maintaining a nuisance per se.[12]

Plaintiff alleges that defendants have used their land in violation of the local zoning ordinances. Specifically, because defendants' land is zoned for commercial use, rather than agricultural use, defendants cannot raise hogs or other animals on the land.

Defendants do not argue that they have used their land in conformity with the zoning ordinance. They have indeed maintained at least one hog on their property since 2006. Defendants argue that because plaintiff did not bring the present suit until 2016, this action is time-barred by the six-year period of limitations in MCL 600.5813. We conclude that MCL 600.5813 does not bar plaintiff's suit, which is an action for injunctive relief to address violations of the zoning ordinance that occurred within the six-year limitations period.

The wrong alleged in plaintiff's complaint is defendants' keeping of hogs on their property. The presence of the hogs on the property constitutes the wrong, and that wrong, along with the attendant harms it causes, is being committed as long as the piggery operates.[13] For example, the fact that defendants had hogs on their property *yesterday* is

---

[12] MCL 125.3407.

[13] Cf. *Woldson v Woodhead*, 159 Wash 2d 215, 219; 149 P3d 361 (2006) (en banc) ("With most torts, a single isolated event begins the running of the statute of limitations. . . . A continuing trespass tort is different; the 'event' happens every day the trespass continues. Every moment, arguably, is a new tort. Thus, the statute of limitations does not prevent recovery for a continuing trespass that 'began' before the statutory period; instead the

not a wrong that occurred until yesterday, and any claims arising from harms due to the hogs' presence yesterday could not have accrued until then either. Therefore, because defendants had hogs on their property within the limitations period, claims accrued during that period and plaintiff's action is timely.[14]

Our conclusion is further supported by the plain language of the Zoning Enabling Act. MCL 125.3407 states that a "use" of land in violation of a zoning ordinance is a nuisance per se. "Use" means "[t]he application or employment of something; esp., a long-continued possession and employment of a thing for the purpose for which it is adapted, as distinguished from a possession and employment that is merely temporary or occasional . . . ."[15] A "use" is thus inherently ongoing. And the nature of zoning violations

statute of limitations excludes recovery for any trespass occurring more than three years before the date of filing."); *Russo Farms, Inc v Vineland Bd of Ed*, 144 NJ 84, 102; 675 A2d 1077 (1996) (" '[I]f the nuisance or trespass is "temporary" or "continuous," a new cause of action arises day by day or injury by injury, with the result that the plaintiff in such a case can always recover for such damages as have accrued within the statutory period immediately prior to suit.' "), quoting Dobbs, Law of Remedies (1973), § 5.4, p 343.

[14] Although not necessary to our analysis, Fraser Township's zoning ordinance is consistent with our conclusion, in that it describes when a violation of the zoning ordinance occurs: "A separate offense shall be deemed committed upon each day during or when a violation occurs or continues." Fraser Township Zoning Ordinance, § 2503. Thus, per the plain language of this ordinance, defendants committed a separate offense each day they had hogs on their property in violation of the zoning ordinance. Plaintiff does not seek to impose monetary penalties or to obtain a remedy for actions that occurred more than six years prior to the filing of this case. Rather, plaintiff seeks only an injunction—a remedy to enforce its ordinance against current and future violations. Defendants maintained hogs on their property through the time this lawsuit was filed in 2016, thus violating the ordinance during this period. These violations gave rise to the harms alleged in plaintiff's complaint, and thus fresh harms occurred during the limitations period. Fraser Township Zoning Ordinance, § 2503.

[15] *Black's Law Dictionary* (8th ed); see also *Random House Webster's College Dictionary* (2007) (defining "use" as "the enjoyment of property, as by occupation or employment of

typically makes a limitations period of little relevance to nuisance-abatement actions concerning present or ongoing nonconforming uses.

A single property can be subject to many "uses." The Zoning Enabling Act refers to "residential use" as one such use.[16] Operation of a state-licensed residential facility, for example, is a residential use.[17] Land that is employed as a state-licensed residential facility is continuously being used for a residential purpose as long as the land is so employed. The use is not finished on the first day construction of the facility is completed or the first day someone moves in. The same is true of the use at issue here. Defendants' use of the property to raise hogs was not a one-time occurrence that happened in 2006. The use continues as long as the property is employed as a piggery. Under MCL 600.5813, "the claim accrues at the time the wrong upon which the claim is based was done . . . ."[18] Whether the "wrong" here, a zoning violation, accrued continuously or each day, it certainly accrued within the limitations period.

In its initial opinion, the Court of Appeals erroneously concluded that plaintiff's action would be timely only under the continuing-wrongs doctrine, which has been abrogated in Michigan.[19] The continuing-wrongs doctrine (or its abrogation) is not

---

it"). It is unnecessary to determine whether "use" is a legal term of art because the legal and lay dictionary definitions are substantially the same. See *Sanford v Michigan*, 506 Mich 10, 21; 954 NW2d 82 (2020).

[16] MCL 125.3206.

[17] MCL 125.3206(1).

[18] MCL 600.5827.

[19] *Fraser Twp*, 327 Mich App at 11-12.

relevant to plaintiff's claim for relief. The doctrine allowed a plaintiff to reach back to recover for wrongs that occurred outside the statutory period of limitations. If a plaintiff could establish that a wrong or injury experienced within the permitted time period was part of a series of sufficiently related "continuing wrongs," the plaintiff might have been able to recover damages for each wrong that was part of the series—including those that otherwise would have been time-barred.[20] But even under the continuing-wrongs doctrine, a plaintiff had to establish that one of the wrongs or injuries occurred within the statutory period of limitations.[21] The doctrine has never operated to toll the statutory period of limitations for such claims, which were timely because the claim accrued during the limitations period.[22]

When we abrogated the continuing-wrongs doctrine in *Garg*, we explained that the relevant statute of limitations there, MCL 600.5805, "requires a plaintiff to commence an action within three years of *each adverse employment act* by a defendant."[23] After *Garg*,

---

[20] See *Sumner v Goodyear Tire & Rubber Co*, 427 Mich 505, 510; 398 NW2d 368 (1986), overruled by *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263 (2005).

[21] See *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 280; 696 NW2d 646 (2005), as amended on denial of reh July 18, 2005 ("[M]erely demonstrating a 'present effect to a past act of discrimination' is insufficient to create a continuing violation."), quoting *United Air Lines, Inc v Evans*, 431 US 553, 558; 97 S Ct 1885; 52 L Ed 2d 571 (1977).

[22] *Accrual of Claims for Continuing Trespass or Continuing Nuisance for Purposes of Statutory Limitations*, 14 ALR7th Art 8 (2016) ("[C]ontinuing torts do not avoid the statute of limitations; rather, such torts remain timely not because the limitation period is tolled but because the cause of action continues to accrue.").

[23] *Garg*, 472 Mich at 282 (emphasis added).

a plaintiff in Michigan may not revive stale claims even if the claims are part of a series of "continuing violations." But *Garg*, of course, did not operate to immunize future wrongful conduct. In other words, a plaintiff's failure to timely sue on the first violation in a series does not grant a defendant immunity to keep committing wrongful acts of the same nature.[24] A plaintiff is free to bring a new action each time a defendant commits a new violation.[25] *Garg* simply held that a plaintiff may not recover for injuries that fall outside the statutory period of limitations—regardless of how related those injuries are to timely claims—when the Legislature has not permitted such recovery by statute.[26] But, importantly, *Garg* allowed the claim that accrued within the limitations period to go forward.[27]

Defendants here are not free to continue committing zoning-ordinance violations simply because plaintiff did not bring an action against their first zoning violation. Whether Michigan recognizes the continuing-wrongs doctrine has no bearing on a plaintiff's ability to bring an action for claims that accrued within the statutory period of limitations. Thus, Michigan's abrogation of the doctrine is irrelevant to this case because plaintiff does not seek a remedy for violations outside the limitations period. Defendants

---

[24] Even our opinion *adopting* the continuing-wrongs doctrine recognized that it would be incorrect to bar a suit based on misconduct occurring within the limitations period simply because the defendants had committed the same acts before. See *Sumner*, 427 Mich at 537 & n 11, overruled by *Garg*, 472 Mich 263.

[25] See 1A American Law of Torts (December 2021 update), § 5:33 ("The continuing tort theory does not apply when tortuous instances, though similar, constitute distinctly separate transactions.").

[26] *Garg*, 472 Mich at 282.

[27] *Id*. at 286.

violate the law as long as they keep hogs on their property, and plaintiff seeks to remedy only violations that occurred within the statutory period of limitations in the form of an injunction.

## IV. CONCLUSION

We hold that plaintiff's action to enforce its zoning ordinance is not barred by MCL 600.5813. The wrong alleged is defendants' retention of hogs on their commercially zoned property. Plaintiff's action is timely because it was commenced while defendants' unlawful conduct was ongoing. We reverse the judgment of the Court of Appeals, reinstate the trial court's order denying summary disposition, and remand this case to the trial court for further proceedings that are consistent with this opinion.

Bridget M. McCormack
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch